F I L E D
United States Court of Appeals
Tenth Circuit

October 12, 2006

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

EDWARD LEE CLEMMONS,

      Petitioner-Appellant,

v.

STEVEN J. DAVIES,

      Respondent-Appellee.

No. 04-3426
(D.C. No. 90-CV-3035-SAC)
(Kansas)

## ORDER AND JUDGMENT*

Before **HARTZ**, **SEYMOUR**, and **McCONNELL**, Circuit Judges.

Edward Lee Clemmons, a Kansas state prisoner proceeding *pro se*[1],

challenges the district court's denial of his motion to reconsider. The district

---

*After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[1] Because he is proceeding pro se, we review Mr. Clemmons' pleadings and filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991).

court also denied Mr. Clemmons' request to proceed *in forma pauperis* on appeal and his application for a certificate of appealability ("COA")[2]. Because the district court incorrectly treated Mr. Clemmons' motion to reconsider as a "true" Rule 60(b) motion, we vacate the order for lack of jurisdiction, construe Mr. Clemmons' motion as an application to file a second or successive habeas petition, and deny it. We also deny his renewed request to proceed *ifp*.

Mr. Clemmons was convicted in 1984 on one count of first degree murder, two counts of aggravated robbery, two counts of attempted murder, and one count of unlawfully possessing a firearm. In 1990, he filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, claiming (1) his conviction was based on evidence obtained in an unlawful arrest and subsequent unlawful identification process; (2) he was denied effective assistance of counsel; (3) he was denied the right to compulsory service to obtain the testimony of witnesses favorable to the defense; and (4) he was denied the right to equal protection under the law. The district court denied Mr. Clemmons' petition in 1992, and we dismissed his appeal for failure to prosecute.

More than ten years later, Mr. Clemmons filed a motion to reconsider with

---

[2] A petitioner must obtain a COA before proceeding with his appeal of a district court's denial of his Rule 60(b) motion, where the district court treated the motion as a "true" Rule 60(b) motion and not as a second or successive habeas petition. *Spitznas v. Boone*, __ F.3d __, 2006 WL 2789868 at *3 (10th Cir., Sept. 29, 2006).

the district court, claiming the discovery of new evidence relating to the validity of his conviction and the use of fraud to obtain that conviction. Regarding the lateness of his motion, Mr. Clemmons claimed that "state prison officials seized [his] legal papers" thereby "interfer[ing] with [and] hinder[ing] his *pro se* prosecution" of his habeas claim.

The district court construed Mr. Clemmons' motion as one "for relief from judgment under FED. R. CIV. P. 60(b)." Noting that such a motion must "be made within a reasonable time," the court ruled that nearly eleven years was not a "reasonable time," and that Mr. Clemmons had not identified a legitimate reason for the lengthy delay. Accordingly, the court did not reach Mr. Clemmons' underlying claims of newly discovered evidence and intrinsic fraud, and instead dismissed his motion as untimely. Mr. Clemmons appeals.

In *Spitznas v. Boone*, __ F.3d __, 2006 WL 2789868 at *1 (10th Cir., Sept. 29, 2006), we acknowledged that the Supreme Court in *Gonzalez v. Crosby*, 545 U.S. 524 (2005), overruled our holding in *Lopez v. Douglas*, 141 F.3d 974 (10th Cir. 1998), that all Rule 60(b) motions in habeas proceedings must be treated as second or successive habeas petitions for purposes of 28 U.S.C. § 2244(b). Accordingly, we now must distinguish between Rule 60(b) motions that are "true" Rule 60(b) motions and second or successive habeas petitions that merely

masquerade as Rule 60(b) motions.[3]  *Spitznas*, 2006 WL 2789868 at * 1-4.

"Under *Gonzalez*, a 60(b) motion is a second or successive petition if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction."  *Id*. at 1.  In the event we determine that the district court incorrectly treated a motion for a successive or second habeas petition as a Rule 60(b) motion, "we will vacate the district court's order for lack of jurisdiction and construe the petitioner's appeal as an application to file a second or successive petition."  *Id*. at *4.

The claims in Mr. Clemmons' motion to reconsider, namely the discovery of new evidence and intrinsic fraud relating to the validity of his conviction, assert or reassert a federal basis for relief from his underlying conviction.  They do not "challenge[] . . . a procedural ruling of the habeas court which precluded a merits determination of the habeas application . . . or challenge[] a defect in the integrity of the federal habeas proceeding."  *Id*. at *1.  Accordingly, his motion to reconsider cannot be deemed a "true" Rule 60(b) motion and must instead be treated as a second or successive habeas petition.

> The AEDPA-amended habeas corpus statutes restrict the power of the federal courts to entertain second or successive applications for writs of habeas corpus.  *See* 28 U.S.C. § 2244.  Before a petitioner may file a second or successive 28 U.S.C. § 2254 petition

---

[3] "For purposes of applying the *Gonzalez* rule, we treat any Rule 60(b) equivalent (such as a motion to reconsider filed more than ten days after judgment . . .) as a Rule 60(b) motion."  *Spitznas*, 2006 WL 2789868 at *1.

in the district court, he must successfully apply to this court for an order authorizing the district court to consider the petition. *See id*. § 2244(b)(3).

*Spitznas*, 2006 WL 2789868 at *1 (footnote omitted). In order to receive authorization to file a successive petition,

> [A]n applicant must make a prima facie showing that he satisfies the criteria in § 2244(b)(2). . . . That is he must show that: (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(B).

*Spitznas*, 2006 WL 2789868 at *12. We need not consider whether Mr. Clemmons meets the second element of this inquiry "since the test is conjunctive and he fails the first element." *Id*. Despite labeling his claim "newly discovered evidence," Mr. Clemmons does not point to *any* evidence supporting his underlying ineffective assistance of counsel claim, let alone newly discovered evidence. Mr. Clemmons also fails to point to any newly discovered evidence relating to his intrinsic fraud claim. Although he claims he didn't know the state was asserting Charlotte Johnson was his spouse, the record reflects that information was set out at least by the time of the state court's order affirming Mr. Clemmon's conviction, on October 25, 1985. Rec., doc. 2. Hence he has not made a prima facie showing that might permit us to authorize the filing of a second or successive petition.

Finally, a prisoner seeking ifp status must demonstrate financial inability to pay and the existence of "a reasoned, nonfrivolous argument on the law and the facts in support of the issues raised on appeal." *McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 812-13 (10th Cir.1997) (internal quotation marks omitted). Because Mr. Clemmons has not made a showing of good faith and the absence of frivolity, we deny his motion for leave to proceed *ifp* on appeal.

Based on the foregoing, we **VACATE** the district court's order denying Mr. Clemmons' motion for reconsideration, construe his notice of appeal as an application to file a second or successive habeas petition, and **DENY** it. We also **DENY** his motion to proceed *ifp*, **DISMISS** his application for a COA, and **DISMISS** this appeal.

ENTERED FOR THE COURT


Stephanie K. Seymour
Circuit Judge