**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 19, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

In re:

EDWARD LEE CLEMMONS,

Movant.

Nos. 08-3005 & 08-3032
(D.C. No. 3:90-CV-03035-SAC)
(D. Kan.)

**ORDER**

Before **TACHA**, **MURPHY**, and **TYMKOVICH**, Circuit Judges.

Edward Lee Clemmons, a state prisoner proceeding pro se, has filed a

motion for remand and an application for a certificate of appealability (COA),

both challenging the district court's denial in part and transfer in part of a motion

for relief he filed in district court. That motion sought to reopen the 28 U.S.C.

§ 2254 petition that Clemmons filed in 1990. We have consolidated the motion

for remand (No. 08-3005) and the COA application (No. 08-3032). We deny

both, and we warn Clemmons that further unauthorized filings may subject him to

sanctions.

*Prior Post-Conviction Motions.* Clemmons was convicted in Kansas in

1984 of first degree murder, two counts of aggravated robbery, two counts of

attempted murder, and unlawfully possessing a firearm. He has a prolific history of attempting to file successive collateral challenges to these convictions.

Clemmons filed his first § 2254 petition challenging those convictions in 1990. The district court denied that petition in 1992, *Clemmons v. Davies*, No. 90-3035-S, 1992 WL 50579 (D. Kan. Feb. 25, 1992) (unpublished order). We dismissed his appeal for failure to prosecute. *Clemmons v. Davies*, No. 92-3090 (10th Cir. Aug. 19, 1992) (unpublished order). In 1996, he filed a motion to reopen his appeal of the 1990 § 2254 petition, which the district court denied.

In 1994, Clemmons filed a second § 2254 petition challenging his convictions. That petition was dismissed by the district court as successive, and we affirmed the dismissal. *Clemmons v. Stotts*, No. 94-3175, 1995 WL 94591 (10th Cir. Feb. 27, 1995).

In April 2004, Clemmons filed a motion for reconsideration in district court, seeking to reopen his 1990 § 2254 petition based on a claim of new evidence. The district court treated the motion as a Fed. R. Civ. P. 60(b) motion, and dismissed it as untimely. On appeal, we ruled the motion constituted an unauthorized second or successive § 2254 petition, vacated the district court's merits dismissal of the motion, construed Clemmons' notice of appeal as a motion for authorization to file a second or successive § 2254 petition, and denied it. *Clemmons v. Davies*, 198 F. App'x 763, 765 (10th Cir. 2006).

In June 2004, Clemmons filed a motion in this court seeking authorization to file a second or successive § 2254. We denied authorization because Clemmons had not satisfied the authorization requirements. *Clemmons v. Davies*, No. 05-3244 (10th Cir. Sept. 8, 2005) (unpublished order).

In August 2007, Clemmons attempted to file an unauthorized second or successive § 2254 petition in the federal district court for the District of Central Illinois, after his transfer from the Kansas Department of Corrections to the Illinois Department of Corrections. The district court dismissed the petition for lack of jurisdiction because Clemmons had not obtained an order from a circuit court of appeals authorizing it to consider a second or successive § 2254 petition. *Clemmons v. Jones*, No. CIV 07-1221, 2008 WL 548638, at *2 (C.D. Ill. Feb. 26, 2008) (unpublished order).

*Current Motion.* In May 2007, Clemmons filed a motion for relief in Kansas district court again seeking to reopen his 1990 § 2254 petition. He challenged the district court's resolution of that petition on both procedural and substantive grounds. Procedurally, he claimed that the district court failed to rule on his motion for appointment of counsel, failed to reach the merits of some of the claims raised in his petition, and failed to determine whether an evidentiary hearing was required to resolve his constitutional claims and factual disputes. The district court ruled that these procedural challenges to the dismissal of his original § 2254 petition constituted "true" claims under Fed. R. Civ. P. 60(b).

*See Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005) (holding that allegations of a procedural defect in the integrity of the prior habeas proceedings are "true" Rule 60(b) claims that should not be converted into a second or successive § 2254 petition). The district court denied these claims on the merits, ruling that Clemmons had not filed them within a reasonable time and had failed to demonstrate extraordinary circumstances justifying relief.

Clemmons also claimed that the district court made substantive errors in resolving his 1990 § 2254 petition. He claimed the court applied incorrect standards in resolving factual disputes and making legal determinations, failed to apply intervening state law, and incorrectly decided the merits of his impermissibly-suggestive line-up claim. The district court ruled these substantive claims challenging the merits of its § 2254 ruling constituted an unauthorized second or successive § 2254 petition. It transferred these successive claims to this court pursuant to 28 U.S.C. § 1631, to give Clemmons an opportunity to seek the circuit court authorization required by 28 U.S.C. § 2244(b)(3).

*Application for COA (No. 08-3032).* We first determine whether Clemmons is entitled to a COA to appeal the district court's denial of his Rule 60(b) claims. *See Spitznas v. Boone*, 464 F.3d 1213, 1225 (10th Cir. 2006). The district court ruled the claims were untimely. Because the denial is based on a procedural ruling, a COA may only issue if "'the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the

-4-

denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'"  *Id*. (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

We may base our denial of COA on either part of this test.  *Slack*, 529 U.S. at 485, and it is clear from the record that procedural grounds justify the district court's decision.  Clemmons' motion does not specify which of Rule 60(b)'s grounds he relies upon, but grounds (1), (2), and (3) require the motion to be brought "no more than a year after the entry of the judgment or order," and it is more than fifteen years past that deadline.   *See* Fed. R. Civ. P. 60(c).  Grounds (4) and (5), under which claims must be filed within a reasonable time, have no possible application to any of Clemmons' claims.  Ground (6) permits a court to relieve a party from a final judgment for "any other reason that justifies relief," but also must be filed within a reasonable time.  Fed. R. Civ. P. 60(b)(6) and (c). A delay of fifteen years is not reasonable.  We conclude that Clemmons has failed to show that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling," and is not entitled to a COA on the district court's denial of his Rule 60(b) claims.  *See Spitznas*, 464 F.3d at 1225          .

*Motion for Remand (No. 08-3005)*.  Before a state prisoner may file a second or successive § 2254 petition, he must first seek and obtain authorization from the appropriate circuit court of appeals to file the petition.  *See* § 2244(b)(3). A Rule 60(b) motion filed in a § 2254 proceeding that seeks to add a new claim

for relief or attacks the federal court's previous resolution of a § 2254 claim on the merits is "effectively indistinguishable" from seeking habeas relief, and must be treated as a second or successive habeas petition, requiring prior circuit court authorization in order to be filed. *Gonzalez*, 545 U.S. at 532. The district court properly construed Clemmons' substantive claims, which challenged its resolution on the merits of the prior § 2254 petition, as unauthorized second or successive § 2254 claims. The district court transferred those claims to this court to give Clemmons an opportunity to seek and obtain such authorization.

Rather than seek authorization, Clemmons asks that we remand these claims back to the district court for resolution on the merits, including discovery and an evidentiary hearing. Unless and until this court grants the required authorization under § 2244(b)(3)(A), however, the district court does not have jurisdiction to address the merits of Clemmons' second or successive § 2254 claims. *See Pease v. Klinger*, 115 F.3d 763, 764 (10th Cir. 1997) ("The district court had no jurisdiction to decide [the petitioner's] § 2254 petition without authority from the court of appeals."). Clemmons has not sought authorization, and he does not assert that his claims meet the authorization standards set forth in § 2244(b)(2). He is therefore prohibited from pursuing his substantive claims in district court. Thus, there is no basis for remanding the matter to the district court. Accordingly, the motion for remand is denied.

We warn Clemmons that any further attempt by him to begin a collateral attack on his 1984 convictions without first satisfying all of the authorization requirements set forth in § 2244(b), including first moving in this court for authorization, could lead to the imposition of sanctions.

In case No. 08-3032, we DENY Clemmons' application for COA and DISMISS the appeal. In case No. 08-3005, we DENY Clemmons' motion for remand and the matter is TERMINATED.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk

-7-