**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 31, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

CHARLES ELLWOOD GWATHNEY,

    Defendant - Appellant.

No. 08-2141
(D. Ct. Nos. 07-CV-00899-WJ-LAM and
04-CR-01553-WJ-1)
(D. N. Mex.)

## ORDER DENYING CERTIFICATE OF APPEALABILITY

Before **TACHA**, **KELLY**, and **McCONNELL**, Circuit Judges.

Petitioner-Appellant Charles Gwathney, a federal prisoner proceeding pro se,

seeks a certificate of appealability ("COA") to appeal from the district court's denial of

his habeas corpus petition brought under 28 U.S.C. § 2255. We take jurisdiction under 28

U.S.C. § 1291, DENY Mr. Gwathney's request for a COA, and DISMISS this appeal.

## I. BACKGROUND

The following recitation of events leading to Mr. Gwathney's arrest and conviction

for possession of marijuana is taken from our opinion affirming his conviction on direct

appeal. *See United States v. Gwathney*, 465 F.3d 1133 (10th Cir. 2006).

On May 23, 2004, Mr. Gwathney, a commercial truck driver, stopped at the

Gallup, New Mexico Port of Entry along Interstate 40 near the Arizona-New Mexico state

line to obtain a trip permit through New Mexico for his load of potatoes.  The truck was owned by Solomon Shaw.  Officer Smid asked Gwathney for his driver's license, medical card, tractor and trailer registration, log book and bill of lading, all of which were provided.  The bill of lading listed the truck as carrying 833 boxes of red potato creamers, required the truck to be maintained at forty-two degrees and was signed by Mr. Gwathney.  The log book indicated potatoes had been loaded on the truck in Phoenix on May 21, but that Mr. Gwathney did not leave Phoenix until May 23.  Although the truck was refrigerated, Officer Smid thought it unusual Mr. Gwathney would load the potatoes prior to having his truck repaired because potatoes are perishable goods.  Officer Smid asked Mr. Gwathney why he had taken over a day to leave Phoenix after his truck was loaded.  Mr. Gwathney explained the delay was caused by repairs he had made to his truck.  Mr. Gwathney provided Officer Smid with an invoice for the repair work.  The invoice showed the repair work had been completed on May 21.  It also indicated Mr. Gwathney had paid almost $14,000 in cash for the repairs.

Officer Smid instructed Mr. Gwathney to pull the truck into a bay where he would conduct a level 2 inspection.[1]  After checking the outside of the truck, Officer Smid instructed Mr. Gwathney to unlock the doors to the trailer.  Upon opening the doors, Officer Smid discovered one of the pallets had tipped against the wall of the truck during transit. Officer Smid used a ladder to climb over the potatoes to make sure the rest of the

---

[1]"Inspectors conduct three levels of inspections at the inspection bays. Of these, Level 1 is the most thorough." *United States v. Vasquez-Castillo*, 258 F.3d 1207, 1209 (10th Cir. 2001).

pallets were secure and in place. While climbing over the leaning pallet, Officer Smid detected shoe prints and crushed boxes indicating someone had walked on the pallets after they were loaded on the truck. Officer Smid followed the footprints and smashed boxes until he reached an open area in the truck. There, he discovered several large non-conforming brown boxes that had numbers spray-painted on them and were wrapped in brown packing tape. They did not have the word "Potato" on them, and Officer Smid believed them to contain contraband. At that point, Officer Smid crawled out of the truck and handcuffed Mr. Gwathney for the officer's protection while he continued his search. Upon returning to the boxes, Officer Smid cut them open and discovered what eventually was determined to be 152.2 kilograms of marijuana. Officer Smid then arrested Mr. Gwathney.

On August 11, 2004, Mr. Gwathney was indicted for possession with intent to distribute 100 kilograms or more of marijuana in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). On August 30, 2004, Mr. Gwathney filed a motion to suppress the evidence found in the commercial trailer. He argued Officer Smid lacked probable cause to conduct a special safety search. After an evidentiary hearing, the district court denied Mr. Gwathney's motion.

Beginning December 15, 2004, Mr. Gwathney was tried before a jury. At trial, Mr. Gwathney claimed he had no knowledge of the drugs on his truck. He explained the payment of $14,000 in cash for the truck repairs came from money wired to him by Solomon Shaw, who sent the money via Western Union. In rebuttal, the government

introduced Exhibit 55—an administrative subpoena directed toward Western Union requiring the provision of any wire transfer records for Mr. Gwathney or Solomon Shaw from May 13, 2004 through May 23, 2004, coupled with Western Union's response that it could find no such records. Mr. Gwathney objected to the admission of the evidence based on the lack of an adequate foundation. The district court allowed admission of Western Union's response based on the business record exception of Rule 803(6) of the Federal Rules of Evidence. On December 16, 2004, the jury convicted Mr. Gwathney.

On May 11, 2005, Mr. Gwathney filed a motion for a new trial based on newly discovered evidence. The new evidence was a Western Union wire transfer receipt showing a transfer of $921.00 from Solomon Shaw to Mr. Gwathney on May 14, 2004, which contradicted Western Union's report attached to Exhibit 55. On May 25, 2005, the district court denied the motion. On May 27, 2005, Mr. Gwathney was sentenced to 137 months' imprisonment.

After an unsuccessful direct appeal, Mr. Gwathney filed this petition for habeas relief. The district court denied relief on all four claims raised in the petition and further denied a COA. Mr. Gwathney now seeks a COA from this court.

## II. DISCUSSION

We will issue a COA to appeal from the denial of a habeas petition "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies the petitioner's claim on the merits,

"[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When the petition is denied on procedural grounds, the petitioner must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

Mr. Gwathney raises several claims in his § 2255 petition, his memorandum in support of the petition, his application for a COA, and his opening brief on appeal. We address them in turn.

A.      Ineffective Assistance of Counsel

In his habeas petition and in his application for a COA, Mr. Gwathney contends that his counsel was ineffective in failing to challenge Officer Smid's allegedly unconstitutional search of the truck's sleeper compartment and arrest of Mr. Gwathney.[2] To prevail on his ineffective assistance of counsel claims, Mr. Gwathney must satisfy the two-prong test established in *Strickland v. Washington*, 466 U.S. 668 (1984). First, he must show that counsel's performance fell below an objective standard of reasonableness. 466 U.S. at 687–88. Second, he must show that there is "[a] reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been

---

[2]Although Mr. Gwathney's § 2255 petition raised additional ineffectiveness claims based on his counsel's failure to challenge jury instructions and the purportedly false trial testimony of Officer Smid, he does not mention these claims in his filings before this court. Thus, we consider them abandoned.

different." *Id.* at 694.

Regarding the search of the sleeper compartment, Mr. Gwathney does not explain how that search led to the discovery of marijuana in the tractor-trailer or led to the discovery of other inculpatory evidence. Thus, Mr. Gwathney has not, at minimum, demonstrated that any error in failing to challenge the search would have changed the result of his trial or led to a different sentence.

As the basis for his other claim for ineffective assistance of counsel, Mr. Gwathney contends that he was arrested based solely on a hunch rather than on probable cause because Officer Smid handcuffed him before discovering any marijuana. *See United States v. Davis*, 94 F.3d 1465, 1467–68 (10th Cir. 1996) (arrests comport with the Fourth Amendment only when they are supported by probable cause). Officer Smid, however, placed Mr. Gwathney in handcuffs for the officer's safety during the search. He did not arrest him at that point. It is well-established that an officer may permissibly place a suspect in handcuffs in such a situation. *See Novitsky v. City of Aurora*, 491 F.3d 1244, 1254 (10th Cir. 2007). Thus, we find no fault with counsel's failure to challenge this limited detention.

B.    Prosecutorial Misconduct

Mr. Gwathney alleges that the prosecutor knowingly and intentionally withheld the receipts from Western Union showing that he had received money during the relevant time period, and that the prosecutor manufactured Exhibit 55 and knew that it was false when he introduced it. As the district court noted, this claim is arguably barred due to

Mr. Gwathney's failure to pursue it on direct appeal. Nevertheless, the district court addressed this issue and concluded that there is no evidence suggesting that the introduction of Exhibit 55 resulted in such an unfair trial as to deprive Mr. Gwathney of due process. *See Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974) (prosecutorial misconduct does not warrant federal habeas relief unless the conduct complained of "so infected the trial with unfairness as to make the resulting conviction a denial of due process"). We agree. Even without the exhibit, we explained in Mr. Gwathney's direct appeal that "[t]he evidence fairly screams of [Mr. Gwathney's] knowledge of the drugs secreted in his trailer." *Gwathney*, 465 F.3d at 1142. To the extent Mr. Gwathney argues that his counsel was ineffective in failing to challenge the exhibit on this basis, we held on direct review that the exhibit's admission was harmless error. *Id.* Thus, Mr. Gwathney cannot show that the outcome of the proceeding would have been different without the exhibit. *See Strickland*, 466 U.S. at 694.

Additionally, Mr. Gwathney contends in his petition that the prosecution destroyed exculpatory *Brady* evidence such as his trip permit and the "Level 2 Inspection Report." *See Brady v. Maryland*, 373 U.S. 83, 87 (1963). Mr. Gwathney does not explain, nor is it clear, that this evidence is in fact exculpatory. Thus, we similarly find no merit to this aspect of Mr. Gwathney's prosecutorial misconduct claim and further conclude it cannot form the basis of an ineffective assistance of counsel claim.

Finally, Mr. Gwathney alleges that the prosecutor improperly vouched for the credibility of a witness, *see United States v. Bowie*, 892 F.2d 1494, 1498 (10th Cir. 1990),

by telling the jury that the case is "about money."  This statement, however, does not constitute vouching for a witness, and we find nothing else objectionable about it.

## III.  CONCLUSION

Reasonable jurists could not debate whether the district court properly denied relief to Mr. Gwathney based on his claims for ineffective assistance of counsel and prosecutorial misconduct.  Accordingly, we DENY his request for a COA and DISMISS this appeal.  Appellant's motion to proceed in forma pauperis is granted.


ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge