**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 16, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DARRELL EUGENE WASHINGTON,

Defendant - Appellant.

No. 08-4180

(D. Utah)

(D.C. No. 1:07-CV-00003-DB)

**ORDER DENYING**
**CERTIFICATE OF APPEALABILITY**[*]

Before **LUCERO**, **ANDERSON**, and **TYMKOVICH**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this proceeding. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Darrell Eugene Washington was found guilty, following a jury trial, of possession with intent to distribute crack cocaine and possession of ammunition

[*]This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

as a convicted felon, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 922(g)(1), respectively. This court affirmed Washington's conviction and sentence. United States v. Washington, 157 Fed. Appx. 43, 2005 WL 3257511 (10th Cir. 2005).

Washington, proceeding *pro se*, then filed a 28 U.S.C. § 2255 motion, arguing that he received ineffective assistance of counsel because his trial counsel failed to make a particular argument. The district court concluded that the argument would not have been meritorious if made, and denied Washington's § 2255 motion. Washington did not appeal that decision. He then filed a motion to vacate the prior judgment, which the district court construed as a Fed. R. Civ. P. 60(b) motion. Washington argued that, because of actions inside the Bureau of Prisons, he never received the court's order denying his § 2255 motion and he therefore lost his right to appeal.

The district court granted the motion, vacated its earlier decision, and reinstated its order denying the § 2255 motion. The district court did not grant or deny a certificate of appealability ("COA"). Accordingly, Washington has filed a motion for a COA as well as a *pro se* appellate brief. We, therefore, must first address whether to grant Washington a COA to enable him to appeal the district court's denial of his § 2255 motion.

In order to obtain a COA, a petition must make a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), such that "reasonable

jurists would find the district court's assessment of the constitutional claims debatable or wrong." <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 338 (2003). In addressing this question we review Washington's *pro se* filings with special solicitude. <u>See</u> <u>Van Deelen v. Johnson</u>, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007). Even according Washington's materials such a solicitous construction, we conclude, based upon our own review of the record, and for substantially the same reasons given by the district court, that no reasonable jurist could debate the correctness of the district court's ruling. Washington's request for a COA is therefore denied and this appeal is dismissed.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge