FILED
United States Court of Appeals
Tenth Circuit

February 12, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CHARLES ELLWOOD GWATHNEY,

Defendant - Appellant.

No. 09-2260

(D. New Mexico)

(D.C. Nos. CIV-07-00899-WJ-LAM
and 1:04-CR-01533-WJ-1)

**ORDER DENYING
CERTIFICATE OF APPEALABILITY**[*]

Before **HARTZ**, **ANDERSON**, and **TYMKOVICH**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this proceeding. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case

is therefore ordered submitted without oral argument.

Charles Gwathney, currently incarcerated in the federal correctional facility

in Morgantown, West Virginia, and proceeding *pro se*, seeks a certificate of

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

appealability ("COA") to enable him to appeal the denial for lack of jurisdiction of his successive 28 U.S.C. § 2255 petition. We affirm.

## BACKGROUND

Mr. Gwathney is serving a 137-month sentence following his conviction, by a jury, of possession of more than 100 kilos of marijuana. Our court affirmed his conviction on direct appeal. United States v. Gwathney, 465 F.3d 1133 (10th Cir. 2006), cert. denied, 550 U.S. 927 (2007). Mr. Gwathney then filed a motion in the district court under 28 U.S.C. § 2255, which was denied. On appeal, our court denied Mr. Gwathney a certificate of appealability ("COA"), a prerequisite to pursuing his appeal. United States v. Gwathney, 318 Fed. Appx. 616 (10th Cir. Oct. 31, 2008) (unpublished), cert. denied, 129 S. Ct. 1636 (2009). Mr. Gwathney then filed a Fed. R. Civ. P. 60(b) motion, which the district court construed as an unauthorized second or successive § 2255 motion, and it transferred the motion to this court. This court denied Mr. Gwathney's motion for remand, and dismissed the matter. In re: Gwathney, No. 08-2145 (10th Cir. July 30, 2008) (unpublished order). Next, Mr. Gwathney filed an original petition before us, seeking permission to file a successive § 2255 motion, which we denied. In re: Gwathney, No. 09-2161 (10th Cir. July 2, 2009) (unpublished order).

Mr. Gwathney then returned to district court, filing a motion labeled "Motion Pursuant to the Federal Rules of Civil Procedure Rule 5.1 Challenging the Constitutionality to a Statute-Notice, Certification, and Intervention Used to Justify Proven Perjury of Officer Smid While Under Oath as to Probable Cause." R. Vol. 1 at 343. The district court construed it as a second or successive § 2255 motion. "A district court does not have jurisdiction to address the merits of a second or successive § 2255 . . . claim until [the Tenth Circuit] has granted the required authorization." In re Cline, 531 F.3d 1249, 1251 (10th Cir. 2008). Thus, "[w]hen a second or successive § 2254 or § 2255 claim is filed in the district court without the required authorization from this court, the district court may transfer the matter to this court if it determines it is in the interest of justice to do so under § 1631, or it may dismiss the motion or petition for lack of jurisdiction." Id. at 1252. Among the factors relevant in determining whether a transfer is in the interest of justice include "whether the claims alleged are likely to have merit." Id. at 1251. Additionally, 28 U.S.C. § 2255(h) specifically provides that a second or successive motion will be allowed to proceed only if a panel of the appropriate court of appeals certifies that the motion contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

-3-

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

The district court found that Mr. Gwathney's motion did not rely on newly discovered evidence or a new rule of constitutional law that was previously unavailable. Indeed, Mr. Gwathney challenges the constitutionality of the New Mexico statute that authorized the search of his truck, that led to the seizure of the 100 kilograms of marijuana. There is nothing new, either in fact or law, in that challenge. The district court decided it would not be in the interest of justice to transfer Mr. Gwathney's motion to our court because the motion "does not satisfy the standards for authorization of a successive § 2255 motion." Mem. Op. & Order at 3, R. Vol. 1 at 365. It accordingly denied Mr. Gwathney's motion for lack of jurisdiction.

The district court did not act on the issue of a COA. Pursuant to the General Order of October 1, 1996, and former Tenth Cir. R. 22.1(c), a COA is deemed denied. Mr. Gwathney filed an application for a COA with this court. A COA is a jurisdictional prerequisite, requiring a petitioner to make "a substantial showing of the denial of a constitutional right" before proceeding on appeal. 28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336 (2003). Where, as here, the district court denies a petition on procedural grounds, we may not issue a COA unless "the prisoner shows, at least, that jurists of reason would find it

-4-

debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Therefore, Mr. Gwathney must show that reasonable jurists could debate whether the district court was correct in dismissing the case for lack of jurisdiction and in deciding not to transfer the case to our court under 28 U.S.C. § 1631. He cannot make this showing, for no reasonable jurist could debate the correctness of the district court's conclusion that Mr. Gwathney's motion does not satisfy the standards for authorization of a successive § 2255 motion and it would therefore not be in the interests of justice to transfer his motion to our court.

In sum, the district court correctly determined that it was not in the interest of justice to transfer Mr. Gwathney's unauthorized petition to our court, and the court consequently properly dismissed the petition for lack of jurisdiction. Mr. Gwathney cannot establish that reasonable jurists would question the propriety of the district court's holding. We therefore deny Mr. Gwathney a COA and dismiss this matter.

## CONCLUSION

For the foregoing reasons, the application for a COA is DENIED and the matter is DISMISSED. As the above order indicates, Mr. Gwathney has filed a

number of unsuccessful motions under § 2255. We caution him that further such filings may subject him to sanctions, including filing restrictions.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge