FILED
United States Court of Appeals
Tenth Circuit

May 13, 2010

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

RUBEN LARA-JIMENEZ,

Defendant-Appellant.

No. 10-3026

(D. of Kan.)

(D.C. Nos. 5:05-CV-03072-JTM and
6:03-CR-10160-JTM-2)

ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

Before **HARTZ, ANDERSON**, and **TYMKOVICH**, Circuit Judges.[**]

Ruben Lara-Jimenez, a federal prisoner proceeding pro se,[1] seeks a

certificate of appealability (COA) to appeal the district court's dismissal of his

Rule 60(b) motion. The district court found that Lara-Jimenez's motion was an

unauthorized second or successive 28 U.S.C. § 2255 filing and dismissed it for

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

[1] Because Lara-Jimenez is proceeding pro se, we construe his filings liberally. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991).

lack of jurisdiction. Exercising jurisdiction under 28 U.S.C. §§ 1291 and 2253, we DENY Lara-Jimenez's request for a COA and DISMISS the appeal.

## I. Background

In 2004, after pleading guilty to a charge of possession with intent to distribute methamphetamine, Lara-Jimenez was sentenced to a term of 168 months' imprisonment.

Lara-Jimenez did not pursue a direct appeal. He has, however, filed motions pursuant to § 2255 and Rule 60(b) of the Federal Rules of Civil Procedure. On February 9, 2005, Lara-Jimenez filed his § 2255 motion, contending his guilty plea was not knowingly and voluntarily made, asserting he received ineffective assistance of counsel, and seeking to vacate his sentence. Finding Lara-Jimenez's guilty plea was constitutional and that he received effective legal assistance, the district court denied the motion on June 22, 2005.

Four years later, Lara-Jimenez filed his Rule 60(b) motion on August 6, 2009, arguing his sentence should be reduced because the district court erred by not departing downward from the prescribed sentencing guidelines and by not applying the safety-valve provision contained in 18 U.S.C. § 3553(f). The district court determined the claims contained in the motion challenged the validity of Lara-Jimenez's original sentence and denied the motion as an unauthorized second or successive § 2255 filing.

Lara-Jimenez filed a notice of appeal on January 21, 2010. He requests a COA from this court to appeal the district court's denial of his Rule 60(b) motion.

## II. Discussion

A § 2255 movant must obtain a COA before appealing the district court's final order. *See* 28 U.S.C. § 2253(c)(1)(B). "[O]nly if the applicant has made a substantial showing of the denial of a constitutional right" will the court issue a COA. 28 U.S.C. § 2253(c)(2). When, as here, the district court denies the movant's claim on procedural grounds, we will not issue a COA unless the petitioner demonstrates: "[(1)] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [(2)] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Where possible, courts should resolve cases based on this test's second prong. *Id.* at 485.

"Before a federal prisoner may file a second or successive motion under § 2255, the prisoner must first obtain an order from the appropriate court of appeals authorizing the district court to consider the motion." *In re Cline*, 531 F.3d 1249, 1250 (10th Cir. 2008). The court will only authorize a successive petition when the movant relies on a new rule of constitutional law or newly discovered evidence. *See* 28 U.S.C. § 2255(h).

When a second or successive [] § 2255 claim is filed in the district court without the required authorization from this court, the district court may transfer the matter to this court if it determines it is in the interest of justice to do so under [28 U.S.C.] § 1631, or it may dismiss the [] petition for lack of jurisdiction.

*In re Cline*, 531 F.3d at 1252. A transfer is not in the interest of justice when the claims raised in the successive petition clearly do not meet the requirements set forth in 28 U.S.C. § 2255(h). *See In re Cline*, 531 F.3d at 1252. In determining whether a transfer is in the interest of justice, a district court should consider whether the claims would be time barred if filed in the proper forum, whether the claims are meritorious, and whether the claims were filed in good faith. *See id.* at 1251.

A motion brought pursuant to Rule 60(b) requires authorization under § 2255(h) if it asserts merits-focused second or successive claims. *See In re Lindsey*, 582 F.3d 1173, 1175 (10th Cir. 2009). As we have previously indicated:

[A] 60(b) motion is a second or successive [§ 2255 filing] if it in substance or effect asserts or reasserts a [] basis for relief from the [] underlying [sentence]. Conversely, it is [not a second or successive § 2255 filing] if it either (1) challenges only a procedural ruling of the [district] court which precluded a merits determination of the [§ 2255 motion]; or (2) challenges a defect in the integrity of the [§ 2255] proceeding, provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior [§ 2255 filing].

*Id.* (internal quotation marks omitted) (quoting *Spitznas v. Boone*, 464 F.3d 1213, 1215–16 (10th Cir. 2006)).

It is clear from the record that the district court's procedural ruling was undebatably correct. *See Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) ("This court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants."). Because Lara-Jimenez's Rule 60(b) motion asserted substantive bases for relief from his sentence, he was required to obtain authorization for the motion under § 2255(h). Lara-Jimenez did not do so. Moreover, he has not argued in this forum any of his claims are based on a new rule of constitutional law or newly discovered evidence. *See* 28 U.S.C. § 2255(h).

### III. Conclusion

For the foregoing reasons, we DENY Lara-Jimenez's application for a COA. We also DENY Lara-Jimenez's request to proceed in forma pauperis on appeal. While Lara-Jimenez has shown a financial inability to pay the required fees, he has not demonstrated a reasoned, non-frivolous argument on the law and facts in support of the issues raised on appeal. *See McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812–13 (10th Cir. 1997). The appeal is DISMISSED.

Entered for the Court,

Timothy M. Tymkovich
Circuit Judge