FILED
United States Court of Appeals
Tenth Circuit

November 22, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff‑Appellee,

v.

DARRELL EUGENE WASHINGTON,

Defendant‑Appellant.

No. 11-4079
(D.C. Nos. 1:07-CV-00003-DB &
1:02-CR-00034-DB-1)
(D. Utah)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **LUCERO**, **GORSUCH**, and **HOLMES**, Circuit Judges.

Darrell Eugene Washington, a federal prisoner proceeding pro se, seeks to appeal the district court's dismissal of his Fed. R. Civ. P. 60(b) motion for lack of jurisdiction because it was essentially an unauthorized second or successive 28 U.S.C. § 2255 motion. We deny a certificate of appealability (COA) and dismiss this proceeding.

Mr. Washington was sentenced to 360 months of imprisonment for possession with intent to distribute 50 grams or more of cocaine base and

---

[*]   This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

possession of ammunition by a felon. He pursued a direct appeal, *see United States v. Washington*, 157 F. App'x 43 (10th Cir. 2005), and relief under § 2255, *see United States v. Washington*, 307 F. App'x 238 (10th Cir. 2009) (denying a COA). In 2010, he filed a Rule 60(b) motion, alleging that the court had failed to rule on his claim, asserted in his § 2255 motion, that he was legally innocent of possession with intent to distribute 50 grams or more of cocaine base pursuant to 21 U.S.C. § 841(b)(1)(A). The court concluded that the motion was attempting to assert unauthorized second or successive § 2255 claims and dismissed it for lack of jurisdiction. *See* 28 U.S.C. § 2255(h); *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam).

Mr. Washington must obtain a COA to pursue an appeal. *United States v. Harper*, 545 F.3d 1230, 1233 (10th Cir. 2008). Because the district court's ruling rests on procedural grounds, he must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

A prisoner's post-judgment filing (however entitled) should be treated like a second or successive § 2255 motion (and therefore subject to the authorization requirements of § 2255(h)) if it asserts or reasserts claims of error in the prisoner's conviction. *See Gonzalez v. Crosby*, 545 U.S. 524, 531-32, 538 (2005);

-2-

*United States v. Nelson*, 465 F.3d 1145, 1147 (10th Cir. 2006). But authorization under § 2255(h) is not required "when a Rule 60(b) motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." *Gonzalez*, 545 U.S. at 532. In *Spitznas v. Boone*, 464 F.3d 1213, 1225 (10th Cir. 2006), this court held that an allegation that the district court failed to consider a habeas claim asserts a defect in the integrity of the federal habeas proceedings, and therefore it does not require authorization under § 2255(h). Mr. Washington argues that his Rule 60(b) motion falls within the *Spitznas* rule. A close examination of Mr. Washington's Rule 60(b) motion and the order denying his § 2255 motion, however, reveals that his real issue is not that the district court failed to address his legal innocence claim, but how it addressed it.

In his § 2255 motion, Mr. Washington asserted he was legally innocent of possession with intent to distribute 50 grams or more of cocaine base pursuant to § 841(b)(1)(A) because (1) he was not convicted of an offense involving one portion (13.2 grams) of the 50 grams, and therefore § 841(b)(1)(A)'s mandatory minimum should not have been imposed; (2) he did not commit any single violation involving 50 or more grams of cocaine base; (3) he should have been sentenced under § 841(b)(1)(B), involving 5 or more grams of cocaine base and prescribing 5 to 40 years' imprisonment; and (4) his counsel was ineffective for not raising these issues during trial, sentencing, and direct appeal. In his

Rule 60(b) motion, Mr. Washington asserted that the court addressed only his ineffective-assistance claim, and neglected to address the legal innocence issues.

In denying relief under § 2255, however, the court rejected the substantive claims as part of evaluating whether counsel was ineffective. *See* R. at 49-51. In fact, the court specifically rejected the concept that drug quantities could not be aggregated, *see id.* at 49-50, and also noted that the mandatory maximum and minimum sentences prescribed by § 841(b)(1)(A) played no role in setting Mr. Washington's sentence, *id.* at 50. Thus, it is apparent that the court addressed Mr. Washington's legal-innocence issues in denying his § 2255 motion. Mr. Washington's arguments to the contrary were merely disguised attempts to have the issues decided differently in a reopened proceeding.

Because at its core Mr. Washington's Rule 60(b) motion sought renewed consideration of claims already decided against him, the district court correctly held that it required authorization under § 2255. *See Gonzalez*, 545 U.S. at 532. Without such authorization, the district court had no jurisdiction to consider the motion and appropriately dismissed it. *See In re Cline*, 531 F.3d at 1251. Accordingly, we deny a COA and dismiss this proceeding.

Entered for the Court,

ELISABETH A. SHUMAKER, Clerk

-4-