FILED
United States Court of Appeals
Tenth Circuit

January 5, 2012

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS
TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JAMES DURAN,

Defendant-Appellant.

No. 11-4137
(D.C. Nos.: 1:08-CV-00044-DAK;
1:03-CR-00139-DAK-1)
(D. Utah)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **KELLY**, **HARTZ**, and **HOLMES**, Circuit Judges.

---

James Duran, a federal prisoner proceeding pro se,[1] seeks to appeal from

the district court's denial of his Fed. R. Civ. P. ("Rule") 60(b) motion that sought

reconsideration of his previously denied motion under 28 U.S.C. § 2255.  Mr.

---

[*]      This Order is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel.  It may be cited, however,
for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1
and Tenth Circuit Rule 32.1.

        After examining the appellate record, this three-judge panel determined
unanimously that oral argument would not be of material assistance in the
determination of this appeal.  *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G).
The case is therefore ordered submitted without oral argument.

[1]      Because Mr. Duran is proceeding pro se, we construe his filings
liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Van
Deelen v. Johnson*, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007).

Duran requests a certificate of appealability ("COA") and leave to proceed *in forma pauperis* ("IFP") on appeal. For the reasons stated below, we **DENY** Mr. Duran's request for a COA, **DENY** Mr. Duran's motion to proceed IFP, and **DISMISS** this matter.

## I. BACKGROUND

Following a jury trial, Mr. Duran was convicted of multiple counts of violating federal drug and firearm laws. We affirmed Mr. Duran's convictions on appeal, concluding that neither the issues raised by counsel nor the issues raised by Mr. Duran in a pro se brief had any merit. Mr. Duran thereafter filed a motion under § 2255, raising seven grounds for relief, containing seventy-six subissues.[2] The district court denied Mr. Duran's § 2255 motion on the merits. We subsequently denied Mr. Duran's request for a COA and dismissed the matter.

Subsequently, Mr. Duran filed three motions in the district court: (1) motion to set aside the district court's order denying relief of his § 2255 petition, pursuant to Fed. R. Civ. P. 60(b)(4) (the "Rule 60(b)-styled motion"); (2) motion

---

[2]     Specifically, Mr. Duran's asserted grounds were: (1) ineffective assistance of trial counsel; (2) prosecutorial misconduct; (3) failure to disclose evidence allegedly favorable to Mr. Duran; (4) due process violations; (5) use of evidence at trial that was a product of an illegal search warrant; (6) use of evidence at trial that was the product of an unlawful arrest; and (7) ineffective assistance of appellate counsel. Mr. Duran subsequently filed a memorandum in support of his § 2255 motion, arguing that the district court improperly admitted evidence seized during searches of a third-party's vehicle, Mr. Duran's vehicle, and Mr. Duran's home because the search warrants were defective for various reasons, including a lack of probable cause.

to have all legal correspondence stamped in red ink as legal mail; and (3) motion to disqualify or recuse the presiding district judge.

Mr. Duran's Rule 60(b)-styled motion to the district court contained three claims: (1) the district court failed to consider "new evidence" that was previously withheld by his appellate counsel; (2) the district court failed to consider evidence that Mr. Duran was actually innocent—specifically, evidence that the government's "star witness" allegedly perjured himself with the government's knowing acquiescence or assistance; and (3) the district court failed to address the merits of many of his claims in his original § 2255 motion.[3]

On June 22, 2011, the district court denied Mr. Duran's motions. The district court's rationale for denying Mr. Duran's motions was as follows:

> Although the instant case has been dismissed, the appeal has been denied, and rehearing has been denied, Mr. Duran continues to file motions in this court. First, he requests that this court use red letters to indicate "legal mail" on anything sent to him. He has also filed a motion seeking to disqualify the undersigned judge because of an alleged bias, and he also appears to seek reconsideration of his § 2255 petition. This court, however, has no authority to reconsider the petition, as it has already been denied by the Tenth Circuit.

> Because Mr. Duran no longer has an active case pending in this court, these motions are moot. The court will not consider any further motions that are filed in the instant case.

---

[3]    Mr. Duran's Rule 60(b)-styled motion is prolix and, like his § 2255 filing before it, "opaque." *United States v. Duran*, 408 F. App'x 139, 140 (10th Cir. 2011). His claims are not readily identifiable. We have given Mr. Duran the maximum conceivable benefit of the liberal construction principles applicable to pro se litigants in identifying the three noted claims.

R. at 375 (Dist. Ct. Order, filed June 22, 2011).

After the district court's denial of his motions, Mr. Duran filed a notice of appeal. Thereafter, he filed an application with the district court to proceed IFP on appeal, which was denied. Mr. Duran now seeks a COA to appeal from the district court's order of June 22, 2011, and he requests leave to proceed IFP on appeal.

## II. DISCUSSION

Under our precedent, irrespective of whether Mr. Duran's Rule 60(b)-styled motion is actually a "true" 60(b) motion or, instead, a second or successive § 2255 motion, Mr. Duran needs to obtain a COA to challenge the merits on appeal of the district court's decision to dismiss his motion. *Compare United States v. Harper*, 545 F.3d 1230, 1233 (10th Cir. 2008) ("[W]e hold that the district court's dismissal of an unauthorized § 2255 motion is a 'final order in a proceeding under section 2255' such that § 2253 requires petitioner to obtain a COA before he or she may appeal." (quoting 28 U.S.C. § 2253(c)(1)(B))), *with Spitznas v. Boone*, 464 F.3d 1213, 1217–18 (10th Cir. 2006) ("If the district court correctly treated the motion (or any portion thereof) as a 'true' Rule 60(b) motion and denied it, we will require the movant to obtain a certificate of appealability (COA) before proceeding with his or her appeal."). We may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard, the applicant must show "that reasonable

-4-

jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Allen v. Zavaras*, 568 F.3d 1197, 1199 (10th Cir. 2009) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)) (internal quotation marks omitted).

The district court's decision here rested on procedural grounds. It did not reach the merits of Mr. Duran's 60(b)-styled motion. "If the application was denied on procedural grounds, the applicant faces a double hurdle." *Coppage v. McKune*, 534 F.3d 1279, 1281 (10th Cir. 2008). Where the district court denies an application on a procedural ground, the prisoner must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Harris v. Dinwiddie*, 642 F.3d 902, 906 (10th Cir. 2011) (quoting *Slack*, 529 U.S. at 484) (internal quotation marks omitted). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Slack*, 529 U.S. at 484; *accord Coppage*, 534 F.3d at 1281.

Mr. Duran invoked Rule 60(b) in filing his motion. However, the district court dismissed the motion on the ground that it "ha[d] *no authority* to reconsider

-5-

the petition, as it has already been denied by the Tenth Circuit." R. at 375 (emphasis added). The district court took a laconic approach and did not elaborate on why it deemed itself to be without authority to act. Yet, we believe that the district court's decision is most naturally read as arriving at the conclusion that Mr. Duran's motion was not in fact a "true" 60(b) but, instead, a second or successive § 2255 motion, and, consequently, the court lacked authority to rule on it. "Before a federal prisoner may file a second or successive motion under § 2255, the prisoner must first obtain an order from the appropriate court of appeals authorizing the district court to consider the motion." *In re Cline*, 531 F.3d 1249, 1250 (10th Cir. 2008) (per curiam); *see* 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). "[I]f the prisoner's pleading must be treated as a second or successive § 2255 motion, the district court does not even have jurisdiction to deny the relief sought in the pleading." *United States v. Nelson*, 465 F.3d 1145, 1148 (10th Cir. 2006); *cf. Spitznas*, 464 F.3d at 1219 ("If . . . the district court has incorrectly treated a second or successive petition as a true Rule 60(b) motion and denied it on the merits, we will vacate the district court's order for lack of jurisdiction . . . .").

In substance, the district court's procedural ruling encompassed two steps. First, the district court concluded that Mr. Duran's Rule 60(b)-styled motion was not actually a "true" 60(b) motion but, rather, a second or successive § 2255 motion. And, second, the district court dismissed the motion for lack of

-6-

jurisdiction, rather than transferring the claims to us in the interest of justice. *See*

28 U.S.C. § 1631.

A Rule 60(b) claim is properly characterized as a second or successive

habeas claim "if it in substance or effect asserts or reasserts a federal basis for

relief from the petitioner's underlying conviction." *Spitznas*, 464 F.3d at 1215.

On the other hand, a "true" 60(b) claim "(1) challenges only a procedural ruling

of the habeas court which precluded a merits determination of the habeas

application, or (2) challenges a defect in the integrity of the federal habeas

proceeding, provided that such a challenge does not itself lead inextricably to a

merits-based attack on the disposition of a prior habeas petition." *Id.* at 1215–16

(citation omitted).

When the district court determines that a pleading is not a true 60(b), it

must decide whether to transfer it to this Court in the interest of justice. *See, e.g.*,

*Cline*, 531 F.3d at 1251. We have provided some helpful guidance on this

question:

> Factors considered in deciding whether a transfer is in the interest of justice include whether the claims would be time barred if filed anew in the proper forum, *whether the claims alleged are likely to have merit*, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.

*Id.* (emphasis added). "A transfer is not in the interest of justice when the claims

raised in the successive petition clearly do not meet the requirements set forth in

28 U.S.C. § 2255(h)." *United States v. Lara-Jimenez*, 377 F. App'x 820, 822 (10th Cir. 2010); *see United States v. Gwathney*, 365 F. App'x 147, 150 (10th Cir. 2010) ("[N]o reasonable jurist could debate the correctness of the district court's conclusion that Mr. Gwathney's motion does not satisfy the standards for authorization of a successive § 2255 motion and it would therefore not be in the interests of justice to transfer his motion to our court."). Such deficient claims cannot be considered to be meritorious. *See Cline*, 531 F.3d at 1252 ("The transferred motion in this case, however, as with many of the successive matters transferred to this court, fails on its face to satisfy any of the authorization standards of § 2255(h). Where there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter to this court for authorization.")

We have summarized the second or successive requirements as follows:

> Section 2255(h) requires a federal prisoner seeking authorization to demonstrate that his proposed claims either depend on "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found [him] guilty of the offense," § 2255(h)(1), or rely upon "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," § 2255(h)(2).

*Id.* at 1250 (alteration in original).

-8-

In assessing the propriety of the district court's procedural ruling here consistent with its substance, our analysis proceeds in two steps. First, we must determine whether jurists of reason would find debatable the district court's decision to construe Mr. Duran's Rule 60(b)-styled motion as a second or successive motion under § 2255. *See Harper*, 545 F.3d at 1233 (concluding that the district court's decision to construe movant's "Rule 50 motion" as a second or successive § 2255 motion was not debatable by reasonable jurists). In order to complete this inquiry, it is necessary to "consider *each of the issues raised* in the motion in order to determine whether it represents a second or successive petition, a 'true' Rule 60(b) motion, or a mixed motion." *Spitznas*, 464 F.3d at 1224 (emphasis added). Second, we must determine whether jurists of reason would find it debatable whether the district court acted properly in dismissing each claim in the Rule 60(b)-styled motion—once it concluded that they were second or successive § 2255 claims—rather than transferring them to us in the interests of justice. More specifically, as relevant here, we must determine whether the claims lacked merit, such that the propriety of the district court's decision to dismiss them, instead of transferring them, would not be debatable to reasonable jurists.

In this case, Mr. Duran presented three claims in his Rule 60(b)-styled motion: (1) the district court failed to consider new evidence; (2) the government's star witness perjured himself at trial; and (3) the district court

failed to address the merits of many of his claims in his original § 2255 motion. We will address each of these claims in turn.

## A. New Evidence

Mr. Duran's Rule 60(b)-styled motion contains a claim that the district court failed to consider new evidence that was previously withheld by his appellate counsel. First, we must determine whether jurists of reason would find debatable the district court's decision to construe Mr. Duran's new-evidence claim as a second or successive § 2255 claim. *See Harper*, 545 F.3d at 1233; *Spitznas*, 464 F.3d at 1224. We conclude that the answer to this question is "no."

Specifically, Mr. Duran's new-evidence claim does not challenge a procedural ruling of the *habeas court*, or challenge a defect in the integrity of the federal *habeas proceeding*. Instead, the new-evidence claim is nothing more than an attempt to "reassert a federal basis for relief from the underlying conviction," *Spitznas*, 464 F.3d at 1216, and "should be treated as [a] second or successive" claim, *id.*; *see id.* (noting, among "[s]ome examples of Rule 60(b) motions that should be treated as second or successive[,] . . . a motion seeking leave to present 'newly discovered evidence' in order to advance the merits of a claim previously denied"); *see also Clemmons v. Davies*, 198 F. App'x 763, 765 (10th Cir. 2006) ("The claims in [petitioner's] motion to reconsider, namely the discovery of new evidence and intrinsic fraud relating to the validity of his conviction, assert or reassert a federal basis for relief from his underlying conviction. . . .

Accordingly, his motion to reconsider cannot be deemed a 'true' Rule 60(b) motion and must instead be treated as a second or successive habeas petition.").

Second, we must ask whether jurists of reason would find it debatable whether the district court acted properly in dismissing Mr. Duran's new-evidence claim once it determined that it was a second or successive § 2255 claim. *See Slack*, 529 U.S. at 484. We also answer this question in the negative. Mr. Duran does not even begin to establish that this purported new evidence satisfies the rigorous standards of § 2255(h). In his 60(b)-styled motion, Mr. Duran asserts in conclusory fashion that he has "made a colorable demonstration that he is factually innocent," R. at 291 (Mot. to Set Aside the Dist. Ct.'s Order Denying Relief of § 2255 Mot., filed May 31, 2011), without coherently marshaling evidence or authority to support this assertion. And, in his COA filing, Mr. Duran suggests in vague terms that the new evidence would "support" the "issues and facts raised in [his] § 2255 proceedings." Aplt. Combined Opening Br. & Appl. for a Certificate of Appealability at 11. This is not good enough. Accordingly, we conclude that the claim lacks merit under the standards of § 2255(h), and reasonable jurists could not debate the district court's determination that the interests of justice did not militate in favor of transferring the claim to this Court; therefore, dismissal was the appropriate course of action.

## B. Star Witness

Mr. Duran's Rule 60(b)-styled motion also contains a claim that the district

court failed to consider evidence that Mr. Duran was actually innocent—that is, evidence that the government's star witness allegedly perjured himself with the government's knowing acquiescence or assistance. However, like Mr. Duran's new-evidence claim, jurists of reason would not find debatable the district court's decision to construe Mr. Duran's star-witness claim as second or successive because this type of claim does not challenge a procedural ruling of the habeas court, or allege fraud or another defect in the integrity of the federal habeas proceeding, at least not in a manner that does not "include[] (or necessarily impl[y]) related fraud on . . . the federal district court that convicted and/or sentenced" him. *Spitznas*, 464 F.3d at 1216. Furthermore, Mr. Duran does not contend that this claim is grounded on newly discovered evidence or otherwise indicate how it satisfies the requirements of § 2255(h). Accordingly, reasonable jurists could not debate the district court's decision to dismiss it, instead of transferring the claim to this Court in the interest of justice. *See Lara-Jimenez*, 377 F. App'x at 823 (denying a COA where movant's filing was not a "true" 60(b), and "he ha[d] not argued in this forum any of his claims are based on a new rule of constitutional law or newly discovered evidence").

### C. Failure to Address § 2255 Issues

Finally, Mr. Duran's Rule 60(b)-styled motion contains a claim that the district court failed to address the merits of many of his claims in his original § 2255 motion. On the surface, this claim would appear to present a "true" 60(b)

claim. *See Spitznas*, 464 F.3d at 1225 ("Mr. Spitznas's contention that the district court failed to consider one of his habeas claims represents a 'true' 60(b) claim. It asserts a defect in the integrity of the federal habeas proceedings."); *see also Peach v. United States*, 468 F.3d 1269, 1271 (10th Cir. 2006) ("Mr. Peach's argument that the district court failed to rule on his ineffective assistance claim does not challenge the merits of the district court's resolution of his § 2255 motion, but only an alleged defect in the integrity of the earlier § 2255 proceedings.  Thus, his Rule 60(b) motion presented a 'true' Rule 60(b) claim and should not have been construed as a second or successive § 2255 motion."). However, upon closer inspection, we are confident that Mr. Duran's "real issue is not that the district court failed to address [his § 2255 claims], but how it addressed [them]." *United States v. Washington*, No. 11-4079, 2011 WL 5843644, at *1 (10th Cir.  Nov. 22, 2011); *cf. Spitznas*, 464 F.3d at 1216 (noting that a purported Rule 60(b) motion alleging a defect in the integrity of the federal habeas proceeding "requires a more nuanced analysis" of whether it is a "true" 60(b) motion).

From our examination of the district court's order of June 30, 2010, it is clear that the court *specifically* and *separately* addressed all seven of Mr. Duran's original habeas claims.  To the extent that Mr. Duran complains that the district court did not explicitly address every one of the seventy-six sub-issues he presented, *see, e.g.*, R. at 285 ("Appellant hereby motions the district court to

-13-

make a proper, but separate ruling on all remaining claims . . . ."), the district court was not required to do so because Mr. Duran did not adequately present these sub-issues such that they required consideration, *see, e.g.*, *Kokins v. Teleflex, Inc.*, 621 F.3d 1290, 1301 n.6 (10th Cir. 2010) ("[W]e routinely have declined to consider arguments that are not raised, or are inadequately presented, in an appellant's opening brief." (alteration in original) (quoting *Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007)) (internal quotation marks omitted)); *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 841 (10th Cir. 2005) ("We do not consider merely including an issue within a list to be adequate briefing. [I]ssues will be deemed waived if they are not adequately briefed." (alteration in original) (citation omitted) (quoting *Utahns for Better Transp. v. United States Dep't of Transp.*, 305 F.3d 1152, 1175 (10th Cir. 2002)) (internal quotation marks omitted)); *see also Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) ("Despite the liberal construction afforded pro se pleadings, the court will not construct arguments or theories for the plaintiff in the absence of any discussion of those issues.").

Thus, what Mr. Duran really seeks is "renewed consideration of claims already decided against him" and his "arguments to the contrary [are] merely disguised attempts to have the issues decided differently in a reopened proceeding." *Washington*, 2011 WL 5843644, at *2. Therefore, reasonable jurists could not debate the district court's procedural decision to treat this claim

as a second or successive claim. Moreover, it is beyond peradventure that this claim does not satisfy the standards of § 2255(h); Mr. Duran does not even contend that it is "based on a new rule of constitutional law or newly discovered evidence." *Lara-Jimenez*, 377 F. App'x at 823. Accordingly, reasonable jurists also could not debate the district court's decision to dismiss the claim, rather than transfer the claim to this Court in the interest of justice.

### III. CONCLUSION

For the foregoing reasons, we **DENY** Mr. Duran's request for a COA and **DISMISS** this matter. We also **DENY** Mr. Duran's motion to proceed IFP because he has not demonstrated "the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *Watkins v. Leyba*, 543 F.3d 624, 627 (10th Cir. 2008) (quoting *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997)) (internal quotation marks omitted).[4]

ENTERED FOR THE COURT

Jerome A. Holmes
Circuit Judge

---

[4] Mr Duran's pending motion (styled "Order") filed September 1, 2011 is denied as moot.