FILED
United States Court of Appeals
Tenth Circuit

December 8, 2010

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

STANLEY REMOND HARRIS,

Defendant-Appellant.

No. 10-6194
(D.C. Nos. 5:08-CR-00094-M-1 and
5:10-CV-00078-M)
(W.D. Okla.)

---

ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

---

Before **MURPHY**, **GORSUCH**, and **HOLMES**, Circuit Judges.

---

Petitioner Stanley Remond Harris, a federal prisoner proceeding pro se,[1]

seeks to appeal from the district court's denial of his motion to vacate, set aside,

or correct his sentence under 28 U.S.C. § 2255.  Mr. Harris requests a certificate

---

[*]     This Order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

       After examining the appellate record, this three-judge panel determined unanimously that oral argument would not be of material assistance in the determination of this appeal.  *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

[1]     Because Mr. Harris is proceeding pro se, we construe his filings liberally.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Van Deelen v. Johnson*, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007).

of appealability ("COA") from this court. Mr. Harris also requests leave to proceed *in forma pauperis* ("IFP") on appeal. Exercising jurisdiction under 28 U.S.C. §§ 1291 and 2253(a), we **DENY** Mr. Harris's application for a COA, **DENY** Mr. Harris's renewed motion to proceed IFP as moot, and **DISMISS** his appeal.

## BACKGROUND

On October 22, 2008, Mr. Harris pleaded guilty, without a written plea agreement, to possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1). Following a sentencing hearing in the United States District Court for the Western District of Oklahoma, Mr. Harris was sentenced to 120 months' incarceration to be followed by three years' supervised release, and required to pay a $14,000 fine. He then filed a 28 U.S.C. § 2255 motion to vacate his sentence, in which he alleged that his counsel rendered ineffective assistance when he negotiated Mr. Harris's plea.

The district court denied Mr. Harris's motion in an order and judgment issued on July 21, 2010, having found that (1) a miscalculation or erroneous sentence estimation by defense counsel is not deficient performance rising to the level of ineffective assistance; (2) Mr. Harris's allegation that counsel failed to adequately explain the U.S. Sentencing Guidelines Manual was meritless in light of Mr. Harris's indication in his Petition to Enter Plea that he understood the Guidelines; (3) Mr. Harris had not shown that counsel's failure to obtain a plea

2

agreement fell below an objective standard of reasonableness; (4) Mr. Harris's miscellaneous ineffective assistance of counsel claims consisted merely of conclusory allegations; and (5) there was no need for an evidentiary hearing because the record conclusively established that his allegations were meritless. The district court also denied Mr. Harris's motion to proceed IFP on appeal. Mr. Harris now seeks the issuance of a COA from this court, which would authorize him to appeal the district court's denial of his 28 U.S.C. § 2255 motion.

## DISCUSSION

To obtain a COA, an applicant must make a "substantial showing of the denial of a constitutional right." *Allen v. Zavaras*, 568 F.3d 1197, 1199 (10th Cir. 2009) (quoting 28 U.S.C. § 2253(c)(2)) (internal quotation marks omitted). "To make such a showing, an applicant must demonstrate 'that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.'" *Id.* (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Where a "COA application rests on claims of ineffective assistance of counsel, in order to determine if [an applicant] can make a substantial showing of the denial of a constitutional right we must undertake a preliminary analysis . . . in light of the two-part test for ineffective assistance" articulated by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). *United States v. Harris*,

3

368 F. App'x 866, 868 (10th Cir. 2010), *cert. dismissed*, No. 10-5205, 2010 WL 2679368.

To prevail on his ineffective assistance of counsel claim under *Strickland*, a petitioner must show both that "his counsel's performance was constitutionally deficient, i.e, it fell below an objective standard of reasonableness" and that "there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different." *Moore v. Reynolds*, 153 F.3d 1086, 1096 (10th Cir. 1998); *accord Strickland*, 466 U.S. at 687, 694. "[T]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." *Strickland*, 466 U.S. at 697; *see also Hooks v. Workman*, 606 F.3d 715, 724 (10th Cir. 2010) ("[I]t is not always necessary to address both *Strickland* prongs. In particular, if Hooks is unable to satisfy his burden under *Strickland*'s prejudice prong, it is unnecessary to determine whether counsel's performance was deficient."); *Gilson v. Sirmons*, 520 F.3d 1196, 1248 (10th Cir. 2008) ("We find it unnecessary to address Gilson's arguments, both of which focus on the first *Strickland* prong, because we conclude, applying a de novo standard of review, that Gilson cannot satisfy the second *Strickland* prong.").

In his application for a COA, Mr. Harris only challenges the district court's second conclusion. Mr. Harris argues that his guilty plea was involuntary because counsel "failed to adequately explain[] the consequences of entering [a guilty]

4

plea." Aplt. Combined Opening Br. and Application for a COA at 6. More specifically, Mr. Harris contends that his counsel failed to explain the "basic mechanics" of the Sentencing Guidelines and failed to advise Mr. Harris that his sentence could be enhanced under those Guidelines. *Id.*

Even if Mr. Harris could establish that his counsel's alleged failure to explain the consequences of pleading guilty and the ramifications of the Sentencing Guidelines amounted to constitutionally deficient performance under *Strickland*, he cannot establish that he was prejudiced by his counsel's actions. Under *Hill v. Lockhart*, 474 U.S. 52 (1985), a prisoner challenging his guilty plea on ineffective assistance of counsel grounds must demonstrate that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 59. Mr. Harris, however, offers nothing more than his own word that he would not have pleaded guilty but for counsel's actions, and conclusory allegations are insufficient to support an ineffective assistance of counsel claim. *See United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994).

In sum, reasonable jurists would not debate whether Mr. Harris's counsel rendered ineffective assistance in negotiating Mr. Harris's plea agreement at the pre-trial stage, as Mr. Harris cannot meet the prejudice part of *Strickland*'s two-part standard. We therefore deny Mr. Harris's application for a COA. *See Allen*, 568 F.3d at 1199; 28 U.S.C. § 2253(c).

5

We also deny as moot Mr. Harris's renewed motion to proceed IFP because his appeal fees have already been paid.

## CONCLUSION

For the foregoing reasons, we **DENY** Mr. Harris's application for a COA, **DENY** his request to proceed IFP as moot, and **DISMISS** his appeal.

ENTERED FOR THE COURT

Jerome A. Holmes
Circuit Judge

6