FILED
United States Court of Appeals
Tenth Circuit

June 13, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

BILL CATHEY,

        Petitioner – Appellant,

v.

RANDY WORKMAN, Warden,

        Respondent – Appellee.

No. 13-7010
(D.C. No. 6:12-CV-00264-FHS-KEW)
(D. E.D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY
AND DISMISSING APPEAL**

Before **HARTZ**, **O'BRIEN**, and **GORSUCH**, Circuit Judges.

Bill Cathey, an Oklahoma state prisoner, seeks to appeal from the denial of his 28

U.S.C. § 2241 habeas petition.[1]   He failed to exhaust his state remedies so the district

judge dismissed his petition.  We deny his request for a certificate of appealability

(COA).

## I.    Background and Procedural History

Cathey filed a § 2254 habeas petition on May 4, 2012, which the district judge

correctly construed as a § 2241 petition.  He claimed prison officials conducted a

"pretextual shakedown" of his cell and he was cited for possession of contraband.  (R.  at

---

[1]  His request for a COA was also denied.  In this Court, he has renewed his
request and has also requested to appeal without prepayment of fees.

9.) He contends none of the items were contraband. Cathey was issued an Offense Report and was convicted the next day, April 27, 2010.[2] The conviction resulted in his loss of earned good behavior credits. He claims he was not allowed to attend the disciplinary hearing, present exculpatory evidence, or call witnesses, all in violation of his due process rights. He also says he did not learn the hearing had been conducted until sometime in February 2011, despite repeated, but unanswered, requests for an official record of the hearing.

The Oklahoma Department of Corrections (DOC) moved to dismiss the petition because Cathey had failed to exhaust his administrative and state judicial remedies. The relevant DOC records showed Cathey did not file a misconduct appeal related to the offense. He did file numerous requests for information regarding the conviction. Morever, in Oklahoma, when earned credits are revoked in a prison disciplinary hearing, an Oklahoma inmate can pursue a judicial appeal process. *See* Okla. Stat. tit. 57, § 564.1 (effective May 10, 2005). The statute requires the state court to determine whether due process was provided. *Id*. § 564.1(D). The inmate must file within 90 days of the date he was notified of the DOC's final decision in the disciplinary appeal process. *Id*. § 564.1(A)(1). Cathey does not claim to have filed a request for judicial review.

In response, he says he complied with the prison's administrative procedures. He submitted a misconduct appeal form dated February 28, 2011, and an appeal to the

---

[2] The record is unclear whether he was convicted of not cooperating with the investigation because he allegedly tore up his citation, or whether his conduct was construed as a guilty plea to the original charge.

Administrative Review Authority dated April 1, 2011. He also argued he was not required to exhaust the judicial remedy in Oklahoma to file a federal claim.

In the alternative, the DOC claimed Cathey's petition was time-barred under the one-year limitation period in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Cathey asserts the time for filing was tolled because he had raised it in an action under 42 U.S.C. § 1983, and the dismissal of that claim, without prejudice, did not occur until March 29, 2012. *See Cathey v. Jones*, No. 10-220, 2012 WL 1068882 *3 (E.D.Okla. Mar. 29, 2012) (unpublished), *aff'd* 505 F. App'x 730 (10th Cir. 2012) (unpublished).

Relying on our decision in *Magar v. Parker*, 490 F.3d 816, 819 (10th Cir. 2007), the district judge decided Cathey's failure to seek judicial review under the Oklahoma statute barred federal habeas review. Further, "[e]ven accepting petitioner's completely unsubstantiated allegation that he was not made aware of the misconduct conviction until [February 2011], . . . the petition still is barred by [AEDPA's] one-year statute of limitations." (R. at 161.) Since Cathey's tolling claim was unsupported by any authority, the judge dismissed his petition and denied a COA.

## II.    Discussion

A COA is a jurisdictional prerequisite to our review of a 28 U.S.C. § 2241 petition. 28 U.S.C. § 2253(a), (c)(2); *Dulworth v. Jones*, 496 F.3d 1133, 1135 (10th Cir. 2007). Where the district judge has denied a COA on procedural grounds, we will issue a COA only if "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it

debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (emphasis added). Even viewing Cathey's COA request with the magnanimity due *pro se* filings, *see Andrews v. Heaton,* 483 F.3d 1070, 1076 (10th Cir. 2007), he does not come close to demonstrating the district judge's procedural ruling is debatable.

"Congress has emphatically directed us that habeas petitioners seeking relief in federal court must first exhaust all available state court remedies—that is, unless doing so would be futile because of 'an absence of available State corrective process' or because 'circumstances exist that render such process ineffective to protect the rights of the applicant.'" *Magar*, 490 F.3d at 818 (quoting 28 U.S.C. § 2254(b)(1)); *see also Montez v. McKinna,* 208 F.3d 862, 866 (10th Cir. 2000) (recognizing the exhaustion requirements contained in § 2254 apply to petitions brought under § 2241). Here, Cathey concedes he did not seek relief through the judicial process in Oklahoma, but provides no grounds to excuse his procedural default. We need not consider other arguments because, on this basis alone, the propriety of the district court's decision is not debatable.

We have reviewed Cathey's filings and perceive no error in the district judge's assessment. We DENY Cathey's application for a COA and DISMISS the matter. Because he has not shown "the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised," *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir.1991), we also DENY his motion to proceed without prepayment of costs and fees. Any unpaid amounts of the filing and docketing fees are now due. If he fails to

- 4 -

immediately pay the fees to the clerk of the district court, he is required to continue making periodic payments.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge