FILED
United States Court of Appeals
Tenth Circuit

April 25, 2014

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENETH CIRCUIT

---

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

STEPHANIE J. CRAWFORD,

     Defendant-Appellant.

No. 12-5205
(D.C. No. 4:07-CR-00041-GKF-2)
(N.D. Okla.)

---

**ORDER DENYING CERTIFICATE
OF APPEALABILITY**[*]

---

Before **KELLY**, **HOLMES**, and **MATHESON**, Circuit Judges.

---

Stephanie Crawford requests a certificate of appealability ("COA") to

challenge the district court's dismissal of her motion for relief under 28 U.S.C.

§ 2255 and its denial of her motion to reconsider an earlier order denying an

evidentiary hearing on the § 2255 claims.  Although Ms. Crawford sought § 2255

relief based on alleged *Brady* violations and argued ineffective assistance of

counsel, the district court did not reach the merits of these allegations, instead

finding Ms. Crawford's motions untimely and thus procedurally barred.  We now

---

     [*]    This order is not binding precedent except under the doctrines of law
of the case, res judicata, and collateral estoppel.  It may be cited, however, for its
persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and
Tenth Circuit Rule 32.1.

**deny** Ms. Crawford's application for a COA and **dismiss** this matter.

## I

On February 22, 2007, Officer John K. Gray of the Tulsa Police Department ("TPD") applied for and received a search warrant for an apartment occupied by Ms. Crawford's boyfriend and codefendant, Jerry Hill. Ms. Crawford and Mr. Hill were tricked into leaving the apartment, and while they were detained outside by TPD Officer Khalil, the apartment was searched by other TPD officers and Special Agent McFadden of the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"). According to the incident report prepared by Officer Henderson, inside the apartment the officers found a loaded Bushmaster AR-15 assault rifle, a plastic bag containing 56.8 grams of a mixture containing suspected crystal methamphetamine, and a loaded 9mm Ruger pistol. As noted in the report, the officers also recovered, *inter alia*, $15,122 in cash in Mr. Hill's backpack and two more plastic baggies containing 32.9 grams of suspected methamphetamine in Ms. Crawford's purse.

On April 23, 2007, Ms. Crawford filed a motion to suppress the evidence of contraband found in her purse. Before the court ruled on this motion, however, Ms. Crawford pleaded guilty to possession with intent to distribute fifty grams or more of a mixture or substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(viii). As a component of Ms. Crawford's plea agreement, the government agreed to

2

dismiss Count Two of Ms. Crawford's indictment, which charged her with the unlawful possession of two firearms in furtherance of a drug-trafficking crime.

The district court sentenced Ms. Crawford to thirty-three months of incarceration, followed by five years of supervised release, and entered judgment against her on March 18, 2008. Ms. Crawford concedes that she did not raise any allegations of police misconduct either in the plea agreement or at sentencing, and that she in fact represented to the court "that the methamphetamine in the apartment and in her purs[e] were possessed by her and Hill to sell." Aplt. Opening Br. at 7. She further acknowledges that she did not directly appeal either her conviction or her sentence.

In proceedings not directly related to Ms. Crawford's case, several of the officers involved in her arrest were subsequently implicated in various scandals. Specifically, in 2010, Officer Gray pleaded guilty to stealing public funds during a Federal Bureau of Investigation sting operation, Special Agent McFadden pleaded guilty to a drug conspiracy, and Officer Henderson was convicted on two counts of civil-rights violations and six counts of perjury. In a report prepared as part of the TPD corruption investigation, Officer Gray made a number of statements that Ms. Crawford now characterizes as proof of specific misconduct in her case, including a statement that Officer Gray "found" $3,000 in his car two days after her arrest, and statements—apparently inconsistent with the police report—that the illegal narcotics were found on Mr. Hill and Ms. Crawford rather

3

than in the apartment.

On June 22, 2010—just over fifteen months after the district court entered judgment against her—Ms. Crawford filed a combined motion to vacate her conviction or for a new trial.[1]  On December 22, 2010, Ms. Crawford filed a motion seeking an evidentiary hearing on her § 2255 motion.  The district court denied the latter motion orally, prompting Ms. Crawford to file a motion for reconsideration of this denial.  The district court denied both the § 2255 and reconsideration motions on October 30, 2012, finding that Ms. Crawford's § 2255 motion was untimely.  The district court also denied Ms. Crawford's application for a COA.  Ms. Crawford now asks this court to grant her a COA in order to appeal the district court's denial of her motions.

## II

A COA is a jurisdictional prerequisite to our review of the merits of a habeas appeal.  *See* 28 U.S.C. § 2253(c)(1)(B); *United States v. Tony*, 637 F.3d 1153, 1157 (10th Cir. 2011).  We will issue a COA "only if the [movant] has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To satisfy this standard, the movant must demonstrate that

---

[1]    Although Ms. Crawford initially filed the motion pursuant to Federal Rule of Criminal Procedure 33, the district court noted that Ms. Crawford subsequently argued in her reply that the motion could properly be construed as brought under 28 U.S.C. § 2255.  Thereafter and in subsequent motions, both the court and Ms. Crawford treated the original motion as brought under § 2255.

4

"reasonable jurists could debate whether . . . the [§ 2255 motion] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Tony*, 637 F.3d at 1157 (omission in original) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)) (internal quotation marks omitted). When the district court denies a motion on procedural grounds, we will not grant a COA unless "jurists of reason would find it debatable whether the [motion] states a valid claim of the denial of a constitutional right and . . . jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

### III

Ms. Crawford raises three arguments in her application for a COA: first, that her § 2255 motion was timely; second, that the district court wrongly denied her request for an evidentiary hearing on her § 2255 claims; and third, that her § 2255 claims are meritorious. We resolve this matter on the first argument. Because reasonable jurists would not find the correctness of the district court's procedural ruling debatable, we deny Ms. Crawford a COA, and we need not reach the merits of her *Brady* and ineffective-assistance-of-counsel claims.

### A

A party seeking relief under § 2255 must file within one year (as relevant here) "from the latest of . . . (1) the date on which the judgment of conviction becomes final; . . . or . . . (4) the date on which the facts supporting the claim or

claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(1), (4). In this case, it is undisputed that Ms. Crawford's motion came more than a year after the judgment against her became final. Accordingly, the key question that we must ask is at what point the facts supporting her § 2255 claims could have been discovered. Relevant to this inquiry, Ms. Crawford admits that "[i]n [her] early conferences with her appointed counsel, [she] told counsel that police had planted the methamphetamine in the apartment and stolen a large amount of cash from Hill's backpack." Aplt. Opening Br. at 6–7. Moreover, she specifically concedes that she had full knowledge of the alleged misconduct at the time of her arrest, and that she nonetheless failed to raise the issue until fifteen months after judgment had been entered against her. *Id.* at 20. Because Ms. Crawford knew of the facts (the alleged police misconduct) giving rise to her § 2255 motion prior to her conviction, yet fails to offer any legally sufficient explanation for her failure to challenge her conviction within the relevant statutory limitations period, her motion was untimely.

**B**

In resisting this conclusion, Ms. Crawford argues that it is improper to treat the date when she became aware of the underlying police misconduct as the trigger for the one-year limitations period. She contends, rather, that the relevant fact supporting her § 2255 claims was not the police misconduct itself, but "the

6

Government's subsequent *confirmation* of police misconduct in her case." *Id.* at 17–18 (emphasis added). Ms. Crawford points us to no case, however, either in this circuit or otherwise, supporting this assertion.

In lieu of legal authority, Ms. Crawford in essence argues that it would have been futile for her to make the police-misconduct argument relying solely on her own testimony. Ms. Crawford states that she made the decision not to raise the issue of police misconduct before entering her plea because "counsel advised that a jury would likely not believe her allegations of police misconduct." *Id.* at 7. Ms. Crawford points out that presenting the defense of police corruption at trial would have required her to take the stand, and that it would ultimately have required the jury to weigh Ms. Crawford's credibility against the testimony of "four experienced, well-respected law enforcement officers" at a time when "the notion that a federal law enforcement agent would conspire with local police to plant evidence and steal money was unheard of in the Northern District of Oklahoma." *Id.* at 21. In other words, Ms. Crawford argues that because her knowledge of the misconduct itself—of the facts giving rise to her claims—would have done her no "practical good," we should instead conduct our analysis under § 2255(f)(4) by reference to the date on which she could have discovered "[t]he claim-making fact" of the government's admission to wrongdoing by law enforcement, which "was the first actual proof of police misconduct to corroborate Ms. Crawford's allegations." *Id.* at 22.

7

We disagree.  Beyond Ms. Crawford's failure to direct us to any legal authority supporting her theory of the case, the argument is dubious for at least two reasons.  First, there is no recognized futility exception to § 2255(f)(4).  Second, we have previously made clear that mere knowledge of the facts establishing a § 2255 claim is all that is required to trigger for § 2255(f)(4)'s one-year limitations period.

**1**

The Supreme Court has explained—albeit in the somewhat different context of procedural default—that the mere *futility* of an argument is not a legally sufficient cause for failing to make it in a habeas petition: "futility cannot constitute cause if it means simply that a claim was unacceptable to that particular court at that particular time."  *Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Engle v. Isaac*, 456 U.S. 107, 130 n.35 (1982)) (internal quotation marks omitted).  Although *Bousley* and *Engle* addressed the obligation of defendants to raise arguments and objections in state court despite *legal* futility under existing state law, the logic of these cases would seem applicable as well where an argument or strategy appears futile purely based on a weighing of the available evidence.  Similarly, in assessing the applicability of § 2255's so-called "savings clause," we have held that a remedy under § 2255 is not "inadequate or ineffective" if a petitioner's argument "could have been tested in an initial § 2255 motion," irrespective of the "difficulty of prevailing on [that] particular

8

argument." *Abernathy v. Wandes*, 713 F.3d 538, 551 (10th Cir. 2013) (quoting *Prost v. Anderson*, 636 F.3d 578, 584, 592 n.11 (10th Cir. 2011)) (internal quotation marks omitted), *cert. denied*, --- U.S. ----, 2014 WL 1515738 (U.S. Apr. 21, 2014).

As the Supreme Court expressed in *Brady v. United States*, 397 U.S. 742 (1970), "[a] defendant is not entitled to withdraw his plea merely because he discovers long after the plea has been accepted that his calculus misapprehended the quality of the State's case." *Id.* at 757. Ms. Crawford concedes that she made a *strategic* decision not to argue police misconduct on the supposition that she would not be believed, i.e., that such an argument would be futile. Yet, she cannot point to any case standing for such a futility exception to the limitations period established by § 2255, and both the Supreme Court's procedural-default cases and our case law defining "inadequate or ineffective" remedies under § 2255 suggest that no such exception exists.

Even were we to consider a futility exception, whatever force this argument might have with respect to the period before conviction (when raising a futile argument *could* harm or prevent plea negotiations) is substantially diminished after sentencing. During the one-year statutory period after judgment was entered against her, Ms. Crawford could have challenged her conviction on the basis of police misconduct without any risk of that challenge affecting her sentence. She provides no explanation for her failure to bring her § 2255 motion during this

9

one-year period.

**2**

Although Ms. Crawford appears to be correct that we have not previously identified the appropriate triggering date for purposes of § 2255(f)(4) under the precise fact pattern asserted here,[2] we are nonetheless guided by published opinions in this circuit applying § 2255(f)(4) in a range of factual scenarios and affirming that *knowledge* of the facts underlying a claim is the trigger for that provision's one-year limitations period. *See, e.g.*, *Fleming v. Evans*, 481 F.3d 1249, 1258 (10th Cir. 2007) ("Mr. Fleming's claims . . . are time-barred because he was *aware* of their factual basis [almost three years before filing his § 2254 petition]." (emphasis added)).

Numerous additional examples can be found in our unpublished cases addressing untimely habeas petitions. For example, in *United States v. Oakes*, 445 F. App'x 88 (10th Cir. 2011), the panel rejected the movant's argument that the § 2255(f)(4) period should have begun when he obtained a new affidavit by a victim in the case. *Id.* at 92–93. The panel found that the affidavit did *not*

---

[2]      The fact pattern here, framed favorably to Ms. Crawford, is that a previously uncorroborated specific allegation of police misconduct in the case at hand was—subsequent to conviction—substantiated by new evidence. Notably, the district court framed the facts somewhat differently, casting doubt on the meaning of the purported admissions. *See, e.g.*, R., Vol. I, at 198 n.2 (Order, filed Oct. 30, 2012) (noting that Officer Gray's purported admission "may simply have been colloquial, imprecise, or reflected a failure of memory").

10

constitute a newly discovered fact because the movant had been aware of the substance of the alleged exculpatory evidence at the time of the trial and chose to plead guilty nonetheless, rather than risk a trial. *Id.* at 93. Similarly, in *United States v. Rauch*, 520 F. App'x 656 (10th Cir. 2013), another panel explained that a movant "must show that he was unable to discover the basis for his claim prior to . . . one year before he filed his § 2255 motion." *Id.* at 657. Noting that Mr. Rauch had admitted that he learned of the alleged police misconduct in his case (falsifying warrants) before that time and, indeed, had informed counsel of as much, the panel found that Mr. Rauch had discovered the basis for his claim and that his timeliness argument was therefore unavailing. *Id.* at 658.

In sum, under our precedent, Ms. Crawford's limitations argument is untenable. The operative date is the date when she acquired *knowledge* of the facts underlying her claim, and that date falls outside the limitations period of § 2255(f)(4).

## IV

For the reasons set forth above, we **DENY** Ms. Crawford's application for a COA and **DISMISS** this matter.

Entered for the Court

Jerome A. Holmes
Circuit Judge

11