FILED
United States Court of Appeals
Tenth Circuit

September 12, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

STANLEY REMOND HARRIS, a/k/a
Stanley Remond Harris, Jr.,

Defendant-Appellant.

No. 13-6123
(D.C. No. 5:08-CR-00094-M-1)
(W.D. Okla.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **KELLY**, **HOLMES**, and **MATHESON**, Circuit Judges.

---

Stanley Remond Harris, a federal prisoner proceeding pro se,[1] seeks a

certificate of appealability ("COA") so he can appeal from the district court's

---

[*]    After examining the briefs and appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this matter. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).
The case is therefore ordered submitted without oral argument.

This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and
Tenth Circuit Rule 32.1.

[1]    Because Mr. Harris is proceeding pro se, we construe his filings
liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Garza v.
Davis*, 596 F.3d 1198, 1201 n.2 (10th Cir. 2010).

denial of his Federal Rule of Civil Procedure 60(b) motion. He additionally seeks leave to proceed *in forma pauperis* ("IFP") on appeal. For the reasons stated below, we **DENY** Mr. Harris's application for a COA, **DENY** his request to proceed IFP, and **DISMISS** this matter.

## I

Mr. Harris pleaded guilty in November 2008 to possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1). He did so without the benefit of a written plea agreement. The district court sentenced Mr. Harris to 120 months' incarceration to be followed by three years' supervised release and imposed a $14,000 fine. In a motion pursuant to 28 U.S.C. § 2255, Mr. Harris sought to have his sentence vacated, alleging ineffective assistance of counsel. The district court denied the motion, and we in turn denied Mr. Harris's request for a COA to appeal that decision. *See United States v. Harris*, 404 F. App'x 264, 265 (10th Cir. 2010).

In March 2012, Mr. Harris filed a "Motion for 60(b) Relief on Unresolved Claims Alleged in § 2255 Motion" in the district court. R., Vol. I, at 101 (Mot. for 60(b) Relief, filed Mar. 26, 2012) (capitalization altered). In this motion, Mr. Harris alleged a "fundamental defect" in his prior § 2255 proceeding—namely:

> The Court failed to rule on [Mr. Harris's] Claim that counsel rendered ineffective assistance of counsel by materially misinforming [Mr. Harris] regarding the consequences of the plea, as it related to the use of the suppressed evidence to enhance his sentence . . . .

2

*Id.* (internal quotation marks omitted).  The district court found that the motion

"present[ed] a 'true' Rule 60(b) claim," rather than a second or successive habeas

petition, but nevertheless denied relief.  *Id.* at 128 (Order, filed Mar. 14, 2013).

Noting that district courts are not required to address issues that a § 2255 motion

does not "adequately present . . . such that they require[] consideration," *id.* at

129 (quoting *United States v. Duran*, 454 F. App'x 671, 678 (10th Cir. 2012)), the

court found that:

> [The] defendant did not adequately develop any argument regarding a claim that his counsel rendered ineffective assistance of counsel by misinforming him regarding the consequences of his plea as it related to the use of the suppressed evidence to enhance his sentence.  Nowhere in the body of defendant's motion, brief in support, or reply does defendant mention, let alone discuss, any claim that his counsel provided ineffective assistance of counsel by misinforming him regarding the consequences of his plea as it related to the use of suppressed evidence to enhance his sentence.  The only place that such a claim is mentioned is in paragraph 11 of his Affidavit which was attached to his brief in support.

*Id.*  The district court thus denied Mr. Harris's Rule 60(b) motion.  In a separate

order, the court also denied his request for a COA.  Mr. Harris now seeks a COA

from this court to appeal from the district court's decision.

## II

Mr. Harris's application to this court advances a single argument: that his

Rule 60(b) pleading and affidavit in fact "did state his claim properly when the

affidavits and the pleadings are taken as a whole," and that in finding otherwise,

3

the district court erred by failing to give his pro se filings a sufficiently liberal construction. Appl. for COA at 6. For the reasons set forth below, we conclude that this argument is without merit. And, because reasonable jurists could not debate the correctness of the district court's ruling, we are obliged to deny Mr. Harris's application for a COA.

**A**

When a district court has denied a "'true' Rule 60(b) motion . . . , we will require the movant to obtain a certificate of appealability . . . before proceeding with his or her appeal." *Spitznas v. Boone*, 464 F.3d 1213, 1218 (10th Cir. 2006). We will issue a COA "only if the [movant] has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In cases where the decision being appealed from was decided on procedural grounds, "a COA may only issue if 'the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Spitznas*, 464 F.3d at 1225 (emphasis added) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). "[G]iven the typically procedural nature of rulings on Rule 60(b) motions, we ordinarily have 'applied the two-part COA standard the Supreme Court first articulated' in *Slack v. McDanel*." *Clay v. Smith*, 365 F. App'x 98, 102 (10th Cir. 2010) (quoting *Dulworth v. Jones*, 496 F.3d 1133, 1137 (10th Cir. 2007)).

4

**B**

Although the two-part standard set forth in *Slack* applies to Mr. Harris's application for a COA, we need not assay the merits of Mr. Harris's constitutional claim under that standard. This is because we conclude that Mr. Harris has failed to satisfy the procedural component of that standard—*viz.*, we conclude that jurists of reason would *not* find debatable the district court's conclusion that the issue raised in Mr. Harris's Rule 60(b) motion was not adequately presented in his § 2255 motion. *See United States v. Crawford*, 564 F. App'x 380, 382 (10th Cir. 2014) ("Because reasonable jurists would not find the correctness of the district court's procedural ruling debatable, . . . we need not reach the merits of [the petitioner's constitutional] claims."); *Cathey v. Workman*, 516 F. App'x 698, 699 (10th Cir. 2013) (declining to consider the merits where petitioner did "not come close to demonstrating [that] the district judge's procedural ruling [wa]s debatable").

It is beyond debate that, to prevail on a Rule 60(b) motion premised on a district court's alleged failure to address a claim raised in his § 2255 motion, a litigant must demonstrate that the § 2255 motion adequately presented the claim in question. Here, Mr. Harris contends that, contrary to the district court's finding, his § 2255 motion adequately alleged an ineffective-assistance claim based on his counsel's failure to "advise[] him how he could be enhanced, under relevant conduct, for evidence that was suppressed." Appl. for COA at 8.

5

Mr. Harris does not argue that he expressly asserted this claim. Rather, he argues that, affording his pleadings the liberal construction to which he is entitled as a pro se litigant, the court should have concluded that he actually presented the claim in adequate fashion. In particular, Mr. Harris contends that the court should have discerned this claim from the combination of three allegations—two made in Mr. Harris's brief in support of his § 2255 motion, and one made only in his affidavit submitted with the motion. First:

> [Counsel] rendered ineffective assistance of counsel when he negotiated the plea, by providing Defendant with fallacious representation. That is, "misadvising" and "misinforming" Defendant of the potential sentence he would receive by pleading guilty.

R., Vol. I, at 50 (Br. in Supp. of § 2255 Mot., filed Jan. 25, 2010). Next:

> [Counsel] failed to explain the United States Sentencing Guidelines (USSG) would be applied to Defendant's case.

*Id.* at 53. And finally, Mr. Harris points to the allegation in the affidavit:

> At the time of [counsel's] negotiating the plea he never advised me that I could be enhanced with relevant conduct on the evidence that was suppressed and ruled an illegal search and seizure. Neither did he try to perfect a plea agreement, knowing that I could be enhanced. Had he explained said ramifications to me before I pleaded guilty I never would have plead[ed] guilty without some type of plea agreement.

*Id.* at 69 (Aff. of Stanley Harris, filed Jan. 25, 2010).

Mr. Harris's contention that the district court should have construed these statements together as adequately presenting the suppression-related claim that he

6

highlights in his Rule 60(b) motion is fatally flawed in at least two respects.

First, Mr. Harris fails to recognize that the two cited allegations from his § 2255 motion expressly raised distinct claims that the district court *did* properly address and deny in the § 2255 proceeding. We are thus hard-pressed to accept Mr. Harris's contention now that these allegations were merely part of a larger distinct ineffective-assistance argument related to suppression of evidence, which the district court overlooked because of its failure to employ liberal construction principles. Specifically, the first cited allegation asserted an ineffective-assistance claim based on counsel's purportedly erroneous estimation of Mr. Harris's potential sentencing exposure. This claim was rejected on its merits by the district court in an order that we subsequently affirmed. *See Harris*, 404 F. App'x at 266–67. The second cited allegation stated an ineffective-assistance claim based on counsel's alleged failure to explain that the United States Sentencing Guidelines ("USSG") would apply to his case, and in particular that "the USSG's provision regarding relevant conduct would apply to his case and have an impact on his sentence."[2] R., Vol. I, at 96 (Order, filed July 21, 2010).

---

[2] In his application for a COA, in discussing this second allegation, Mr. Harris excerpts only the small portion of text set forth in a block quote, *supra*. However, by examining the full text of his § 2255 motion, it becomes clear to us that in this section of the motion he was asserting counsel's alleged failure to explain the possibility of a relevant-conduct enhancement *generally*, as opposed to counsel's failure to specifically explain that such an enhancement, if applicable, could be predicated on previously suppressed evidence. *See* R. at 53 ("[Counsel] failed to advise Defendant of the true contentions of pleading

(continued...)

The district court rejected this claim on its merits, and we affirmed. *See Harris*, 404 F. App'x at 266–67.

Insofar as Mr. Harris believes that it was enough to preserve the specific suppression-related ineffective-assistance argument that he highlights now for him to have raised *some* ineffective-assistance argument in his § 2255 motion, or even for him to have presented an ineffective-assistance argument that *generally* implicated the relevant-conduct rubric of the USSG, we are constrained to inform him that our caselaw addressing preservation of issues clearly indicates that his belief is misguided. *See United States v. A.B.*, 529 F.3d 1275, 1279 n.4 (10th Cir. 2008) ("We have repeatedly declined to allow parties to assert for the first time on appeal legal theories not raised before the district court, even when they fall under the same general rubric as an argument presented to the district court."); *Lyons v. Jefferson Bank & Trust*, 994 F.2d 716, 721–22 (10th Cir. 1993) ("While we have at times given a liberal reading to pleadings and motions in the trial court, we have consistently turned down the argument that the raising of a related theory was sufficient." (citations omitted)).

The second fatal flaw in Mr. Harris's argument stems from his apparent belief that the district court was obliged to take the averments found in his affidavit and combine them with the arguments that he *did* make in his § 2255

---

[2](...continued)
guilty[,] i.e., that upon entering a plea [of] guilty, the USSG[]s would have an impact on his sentence, that is, as here, could be enhanced.").

8

motion and cobble together the related argument regarding the use of suppressed evidence that he presented in his Rule 60(b) motion. In this regard, Mr. Harris maintains that "the District Court erred by considering the affidavit and pleadings as separate entities." Appl. for COA at 5. However, Mr. Harris cites no controlling authority that comes close to directly indicating that the district court was required to engage in such an alchemic exercise to yield his current suppression-related ineffective-assistance argument, and we are aware of none.

Mr. Harris falls back on our settled caselaw discussing the liberal construction that courts afford to pro se litigants' pleadings. While it is true that, in the case of pro se litigants, "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements," we also have made crystal clear that "we do not believe it is the proper function of the district court to assume the role of advocate for the pro se litigant." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see, e.g.*, *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) ("[C]ourt[s] cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."); *see also Abdelsamed v. United States*, 13 F. App'x 883, 884 (10th Cir. 2001) ("[T]he parties and the court are under no obligation to craft legal theories for the plaintiff, nor may they

9

supply factual allegations to support a *pro se* plaintiff's claim for relief."). In our view, a court ordinarily would be adopting precisely such an advocate's role, were it to undertake a searching examination, akin to a scavenger hunt, of all of a pro se litigant's filings—including his evidentiary submissions—with the aim of weaving together a substantive argument for relief that the litigant never made in his motion or other pleading. Indeed, in *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999), which Mr. Harris himself invoked in his Rule 60(b) motion, *see* R., Vol. I, at 105 ("Movant would ask that the Court apply its liberal pleading requirements to his § 2255 pleadings as stated in *Bar[n]ett* . . . ."), we emphasized that "a district court . . . may 'not rewrite a petition to include claims that were never presented,'" *Barnett*, 174 F.3d at 1133 (quoting *Parker v. Champion*, 148 F.3d 1219, 1222 (10th Cir. 1998)). Therefore, even our liberal-construction cases offer Mr. Harris no succor because they still require a pro se litigant to actually make the arguments upon which he seeks relief—however inartfully he may do so—and to present them in an identifiable fashion, which ordinarily will mean in the body of the motion or other pleading in which the litigant argues for relief.

In light of the above, we think that it is clear that Mr. Harris's § 2255 motion did not adequately present an ineffective-assistance claim premised on counsel's purported failure to explain that Mr. Harris's sentence could be subject to a relevant-conduct enhancement based on previously suppressed evidence. We

10

conclude that reasonable jurists could not debate the district court's conclusion to this same effect. Accordingly, we deny Mr. Harris's application for a COA.

**III**

For the foregoing reasons, we **DENY** Mr. Harris's request for a COA and **DISMISS** this matter. We also **DENY** Mr. Harris's motion to proceed IFP because he has not demonstrated "the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *Watkins v. Leyba*, 543 F.3d 624, 627 (10th Cir. 2008) (quoting *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997)) (internal quotation marks omitted).


Entered for the Court


JEROME A. HOLMES
Circuit Judge