**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 28, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MICHAEL DEWAYNE BELL,

    Defendant - Appellant.

Nos. 11-5008 and 11-5011
(N.D. Okla.)
(D.C. Nos. 4:10-CV-00138-GKF-TLW &
4:06-CR-00140-GKF-1)

**ORDER DENYING CERTIFICATE OF APPEALABILITY,**
**AND DISMISSING APPEALS**

Before **O'BRIEN**, **McKAY**, and **TYMKOVICH**, Circuit Judges.

Michael Dewayne Bell, a federal prisoner proceeding pro se,[1] wants to appeal

from the district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside or

correct sentence. His petition was based upon alleged ineffectiveness of appellate

counsel, principally counsel's failure to raise issues Bell requested be raised in post-trial

proceedings and on direct appeal. The district court concluded he did not make "a

substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Because that decision was not even debatably incorrect we deny Bell's request for a

---

[1] We liberally construe Bell's pro se filings. *See Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003).

Certificate of Appealability (COA).

Bell was charged with three counts in a superseding indictment based on the February 28, 2006 armed robbery of the Arvest Bank in Tulsa Oklahoma. During hearings on March 29, 2007 and April 10, 2007, Bell informed the court he did not want appointed counsel, Michael McGuire, to continue to represent him.[2] The court allowed Bell to proceed pro se with McGuire as standby counsel. At an April 10 hearing, and again at a hearing on April 26, McGuire informed the court that he had given Bell a copy of all discovery he had received from the government with the exception of grand jury testimony and witness statements subject to a protective order from the court. Trial began on April 30, 2007. On May 2, 2007, the jury found Bell guilty of aggravated bank robbery and use of a firearm in furtherance of a crime of violence.[3] The court denied Bell's pro se motion for acquittal and his motion for a new trial and sentenced him to consecutive life sentences on each count pursuant to the "three strikes" provision of 18 U.S.C. § 3559(d). We affirmed his conviction and sentence. *United States v. Bell*, 290 Fed. App'x. 178 (10th Cir. 2008) (unpublished). The Supreme Court denied certiorari on March 30, 2009. *Bell v. United States*, 129 S. Ct. 1644 (2009).

Eventually, Bell filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (with eight supplements). His claims were based on ineffective assistance of counsel during post-trial motions and on direct appeal. In a comprehensive

---

[2] McGuire had been appointed to represent Bell on March 2, 2007.

[3] The third count, being a felon possession of a firearm, was dismissed at the close of the government's case because the government had no evidence of the gun's connection with interstate commerce.

opinion applying the *Strickland*[4] standard, the district court denied Bell's request for an evidentiary hearing and denied each of his claims. It determined the procedural issues Bell faults counsel for neglecting were, in fact, raised by counsel and found to be without merit. Bell's issues regarding: (1) McGuire's failure to raise government interference with witnesses; (2) the court's denial of his request for shaving equipment to refute identification testimony;[5] (3) the admissibility of the testimony of Bell's cellmate; (4) the government's failure to produce the weapon used during the robbery; and (5) arguments regarding the imposition of the three strikes rule were all raised on appeal but rejected. *See Bell*, 290 Fed. App'x. at 181-84. The district court also rejected Bell's claims that his counsel was ineffective for failing to raise a claim alleging the trial court coerced him into agreeing to self-representation. After full consideration of the record, it determined Bell voluntarily waived his right to counsel. Having found no merit to any claim, the court denied an evidentiary hearing.

Bell submitted a timely request for a COA to the district court which it denied.[6] Bell filed two requests for a COA in this Court challenging the denial of his § 2255 petition (Case # 11-5008) and the district court's denial of an evidentiary hearing as well

---

[4] *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984) (A defendant must demonstrate: (1) that his trial counsel was deficient such that he was deprived of "reasonably effective assistance" which fell below an "objective standard," and (2) counsel's deficient performance prejudiced his case such that "there is a reasonable probability that, but for counsel's unprofessional errors, the results of the proceeding would have been different.").

[5] The district court also noted the testimony involved the comparison of pictures which were in evidence. Therefore, Bell's actual appearance was irrelevant.

[6] Inexplicably, the district court permitted Bell to proceed *in forma pauperis*.

as a renewed argument regarding his other claims (Case # 11-5011).  Fed. Rule App. P. Rule 22(b)(2) ("[a] request addressed to the court of appeals may be considered by a circuit judge or judges, as the court prescribes.")  We have considered both requests and conclude they are without merit.

A COA is a jurisdictional prerequisite to our review of a petition for a writ of habeas corpus.  *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).  We will issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make such a showing, an applicant must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted).  In evaluating whether an applicant has satisfied this burden, we undertake "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims.  *Miller-El*, 537 U.S. at 338.

The district court thoroughly and correctly addressed and resolved the issues raised by Bell.  As no jurist of reason could reasonably debate the correctness of the district court's decision, we DENY the request for a COA and DISMISS these matters.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge