**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 27, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MICHAEL DEWAYNE BELL,

    Defendant - Appellant.

No. 15-5082
(D.C. Nos. 4:06-CR-00140-GKF-1 &
4:15-CV-00488-GKF-PJC)
(N.D. Okla.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **BRISCOE**, **HARTZ,** and **HOLMES**, Circuit Judges.

---

Michael Dewayne Bell, a federal prisoner proceeding pro se, seeks a certificate

of appealability (COA) to appeal the district court's decision dismissing for lack of

jurisdiction his motion filed pursuant to Fed. R. Civ. P. 60(b)(6). We deny a COA.

Mr. Bell was convicted of aggravated bank robbery and carrying a firearm

during and in relation to a crime of violence. He was sentenced to life imprisonment

pursuant to the "three strikes" provision in 18 U.S.C. § 3559(c)(1). *See United States

v. Bell*, 290 F. App'x 178, 181 (10th Cir. 2008). We affirmed his convictions and

sentence on appeal. *See id.* at 185. Mr. Bell then filed a 28 U.S.C. § 2255 motion to

---

[*] This order is not binding precedent except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

vacate, which the district court denied. We denied his request for a COA to appeal from that decision. *See United States v. Bell*, 445 F. App'x 130, 131 (10th Cir. 2011).

Earlier this year, Mr. Bell filed a Rule 60(b) motion. The district court concluded that the motion was an unauthorized second or successive § 2255 motion and dismissed it for lack of jurisdiction. Mr. Bell now seeks to appeal from that decision. To do so, he must obtain a COA. *United States v. Harper*, 545 F.3d 1230, 1233 (10th Cir. 2008). The showing necessary for a COA is "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

A district court lacks jurisdiction to hear a second or successive § 2255 motion unless the motion has been authorized by a court of appeals. *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam). To avoid this constraint, prisoners may try to disguise a second or successive § 2255 motion as a motion brought pursuant to Rule 60(b). *See In re Pickard*, 681 F.3d 1201, 1204 (10th Cir. 2012). But "we look at the relief sought, rather than a pleading's title or its form, to determine whether it is a second-or-successive collateral attack on a defendant's conviction." *United States v. Baker*, 718 F.3d 1204, 1208 (10th Cir. 2013). "[A] Rule 60(b) motion is actually a second-or-successive petition if the success of the motion depends on a

determination that the court had incorrectly ruled on the merits in the habeas proceeding." *Pickard*, 681 F.3d at 1206.

Although Mr. Bell argues in his COA application that the district court erred in dismissing his motion because it was properly brought under Rule 60(b), reasonable jurists could not debate the district court's procedural ruling. In his Rule 60(b) motion, Mr. Bell argued that he made "a colorable claim of Actual Innocence," in his initial § 2255 motion, R., Vol. I at 40, and the "government failed to rebut[] the claim of actual innocence," *id*. at 41. He also argued that the government advocated for, and the district court applied, the wrong legal standard in reviewing his claim of actual innocence. The success of Mr. Bell's Rule 60(b) motion therefore requires a determination that the district court incorrectly ruled on the merits of one of his § 2255 claims. Under these circumstances, the district court properly construed Mr. Bell's Rule 60(b) motion as an unauthorized second or successive § 2255 motion and dismissed it for lack of jurisdiction.

Accordingly, we deny a COA.[1]  We grant Mr. Bell's motion for leave to proceed without prepayment of costs or fees.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk

---

[1] In his COA application, Mr. Bell noted that he had filed a separate petition seeking authorization to file a second or successive § 2255 motion based on the Supreme Court's recent decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). That request for authorization, which was docketed as case number 15-5106, was denied on November 12, 2015.