FILED
United States Court of Appeals
Tenth Circuit

December 23, 2019

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

DEANDRE ANTONIO HOPKINS,

    Defendant - Appellant.

No. 19-5070
(D.C. Nos. 4:16-CV-00649-JHP-FHM and
4:12-CR-00050-JHP-3)
(N.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **MATHESON**, **McKAY**, and **BACHARACH**, Circuit Judges.
_____

Appellant Deandre Hopkins seeks a certificate of appealability to appeal the

district court's denial of his Fed. R. Civ. P. 60(b) motion, in which he sought

reconsideration of the court's previous denial of his 28 U.S.C. § 2255 habeas motion.

In 2013, Appellant was convicted after a jury trial on multiple counts—including

for using a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)—

stemming from his role in a series of armed robberies in Tulsa, Oklahoma, and was

sentenced to 544 months in prison. We later affirmed Appellant's convictions. *See*

*United States v. Hopkins*, 608 F. App'x 637 (10th Cir. 2015).

_____

[*] This order is not binding precedent except under the doctrines of law of the case,
res judicata, and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

In 2016, Appellant filed his habeas motion, arguing his appellate counsel was ineffective for failing to challenge his § 924(c) conviction under *Rosemond v. United States*, 572 U.S. 65 (2014), which had been decided during the pendency of Appellant's appeal.[1]  *Rosemond* held that a defendant cannot be convicted of aiding and abetting a § 924(c) violation unless he has advance knowledge one of his confederates will carry a firearm and that a trial court errs by giving an aiding-and-abetting jury instruction that fails to account for the advance-knowledge requirement.  *Id.* at 77–78, 81.  Appellant argued that his § 924(c) conviction was premised on aiding-and-abetting liability; that, under *Rosemond*, the trial court had given an erroneous instruction; and that appellate counsel's failure to raise the *Rosemond* issue amounted to ineffective assistance.

The district court acknowledged that Appellant "could not be convicted for aiding and abetting a § 924(c) violation under *Rosemond*."  (Suppl. R. at 80.)  Nevertheless, the court concluded that Appellant "was properly convicted of the § 924(c) violation under *Pinkerton v. United States*, 328 U.S. 640 (1946)," which holds that, "[d]uring the existence of a conspiracy, each member of the conspiracy is legally responsible for the [reasonably foreseeable] crimes of his fellow conspirators committed in furtherance of the conspiracy."  (*Id.* (internal citations omitted)).  Given the facts of the case, the court determined "it was entirely foreseeable that one or more of [Appellant]'s accomplices"

---

[1] Appellant's initial habeas motion included 21 separate claims, and he later supplemented the motion with three additional grounds for relief, including the *Rosemond* issue.  The district court rejected the 21 claims Appellant initially raised because they were conclusory in nature and devoid of factual averments and rejected the other two grounds for relief on the merits.  *See United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994).  Appellant only seeks to raise the *Rosemond* issue on appeal.

would use a firearm during one of the robberies.  (*Id.* at 14.)  Thus, the court concluded, any *Rosemond* error was inconsequential, and appellate counsel's failure to raise the issue on appeal did not deprive Appellant of effective assistance.[2]  Accordingly, the court denied Appellant's § 2255 motion.  Appellant did not seek to appeal the denial.

Nearly two years later, in 2019, Appellant filed a Rule 60(b) motion for relief from the district court's denial of his § 2255 motion.  He argued that his § 2255 proceeding was defective because the court, in assessing the *Rosemond* issue, "failed to observe and apply the correct and controlling" law, "resulting in the premature and incorrect termination of the § 2255" proceeding.  (R. vol. VI at 35; *see also id.* at 36–37 (asserting that the court "used the wrong law," resulting in a "defect in the integrity of the federal § 2255 []procedure").)  In support, Appellant pointed to Tenth Circuit cases holding that a general jury verdict must be vacated where it is unclear whether the jury relied on an instruction or a theory of liability that is erroneous.[3]  Appellant thus asked the court to "reopen the previous § 2255 proceedings" and to re-assess his *Rosemond* claim "observing and applying the correct circuit []law."  (*Id.* at 37.)

---

[2] *See United States v. Hill*, 743 F. App'x 241, 244 (10th Cir. 2018) (explaining, in appeal by one of Appellant's co-defendants, that, where "the jury was properly instructed on the requirements of *Pinkerton* co-conspirator liability," "if the evidence was sufficient to convict [the defendant] of violating § 924(c) on a theory of *Pinkerton* co-conspirator liability, [the defendant] can't show his attorney's failure to challenge his conviction under *Rosemond*—which concerns only aiding and abetting—prejudiced him").

[3] *See generally United States v. Holly*, 488 F.3d 1298, 1304–07 (10th Cir. 2007) (discussing availability of harmless-error analysis when the appellate court confronts "an instructional error on one of two independent alternative grounds for conviction")

The district court summarily denied Appellant's Rule 60(b) motion in a minute order and denied his subsequent motion for a COA. Appellant now seeks to challenge the denial of his Rule 60(b) motion.[4]

A prisoner seeking to appeal from the denial of a Rule 60(b) motion—regardless of whether it is a "true" Rule 60(b) motion—in a § 2255 proceeding must first obtain a COA. *See United States v. Duran*, 454 F. App'x 671, 674 (10th Cir. 2012). Ordinarily, if the district court denies a post-judgment motion on the merits, our inquiry focuses on whether or not the prisoner "'demonstrated that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *United States v. Springer*, 875 F.3d 968, 972 (10th Cir. 2017) (brackets omitted) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). However, we may also "deny a COA if there is a plain procedural bar to habeas relief, even though the district court did not rely on that bar." *Id.* at 981.

In evaluating the district court's denial of a Rule 60(b) motion in a habeas case, "[o]ur first task . . . is to consider . . . the issues raised in the [Rule 60(b)] motion in order to determine whether it represents a second or successive [habeas motion or] a 'true' Rule 60(b) motion." *Spitznas v. Boone*, 464 F.3d 1213, 1224 (10th Cir. 2006). A prisoner may not file a second or successive § 2255 motion unless he first obtains an order from this court authorizing the district court to consider the motion. *See Springer*, 875 F.3d at

---

[4] Appellant's notice of appeal designates the denial of his Rule 60(b) motion as the only order he seeks to appeal. Our review is limited to that order. *See* Fed. R. App. P. 3(c)(1)(B); *Scott v. Weaver*, 736 F. App'x 715, 718 (10th Cir. 2018).

972.  Absent such authorization, a district court lacks jurisdiction to address the merits of a second or successive § 2255 motion.  *Id.*  A Rule 60(b) motion should be treated as a second or successive § 2255 motion "if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction."  *Spitznas*, 464 F.3d at 1215.  A Rule 60(b) motion may not be treated as a successive § 2255 motion if it "challenges a defect in the integrity of the federal habeas proceeding," so long as "such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior [§ 2255 motion]."  *Id*. at 1216.  "It is the relief sought, not [the] pleading's title, that determines whether the pleading is a § 2255 motion."  *United States v. Nelson*, 465 F.3d 1145, 1149 (10th Cir. 2006).

Here, Plaintiff's Rule 60(b) motion amounts to a second or successive § 2255 motion.  Although he tries to dress it in the garb of a procedural defect in the proceeding's integrity, at bottom, his motion is a merits-based attack on the district court's rejection of the *Rosemond* claim he raised in his § 2255 motion.  No matter how it is characterized, an argument that the court applied the wrong substantive law to a claim is a challenge to the court's merits-based decision on that claim, a clear indication that the motion is actually a second or successive § 2255 motion.  *See United States v. Bell*, 622 F. App'x 770, 771 (10th Cir. 2015) (holding argument that "district court applied[] the wrong legal standard in reviewing [a prisoner's] claim . . . requires a determination that the district court incorrectly ruled on the merits" of the claim); *In re Pickard*, 681 F.3d 1201, 1206 (10th Cir. 2012) ("[A] Rule 60(b) motion is actually a second-or-successive

5

petition if the success of the motion depends on a determination that the court had incorrectly ruled on the merits in the habeas proceeding.").

Because Appellant's Rule 60(b) motion was a second or successive § 2255 motion, which was not authorized, the district court lacked jurisdiction to consider it and should have either dismissed it or, if in the interests of justice, transferred it to this court. *See Faircloth v. Raemisch*, 785 F. App'x 508, 511 (10th Cir. 2019). As there was a plain procedural bar to the habeas relief Appellant sought through his Rule 60(b) motion, we conclude reasonable jurists could not debate whether he would prevail on appeal. *See id.*

Accordingly, we **DENY** Appellant's request for a COA and **DISMISS** this appeal with instructions to the district court to vacate its denial of Appellant's Rule 60(b) motion and to either dismiss the motion for lack of jurisdiction or to transfer it to this court. Appellant's motion to proceed *in forma pauperis* on appeal is **GRANTED**.

Entered for the Court

Monroe G. McKay
Circuit Judge